COPY

Kenneth M. Jones (SBN: 140358)
kenneth_jones@gshllp.com
Cynthia L. Sands (SBN: 194999)
cynthia_sands@gshllp.com
GONZALEZ SAGGIO & HARLAN LLP
3699 Wilshire Boulevard, Suite 890
Los Angeles, California 90010
(213) 487-1400-Telephone
(213) 487-1402-Facsimile

**Attorneys for** Plaintiff Principal Life Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

*VAP*

ED CV 11 - 01019 (OPx)

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR INTERPLEADER** |
| v. | |
| FRANCES C. MIRANDA, SHANNON MIRANDA, TONI PARILLA, SHANE MIRANDA and ANTONIO MIRANDA, III, | |
| Defendants. | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Principal Life Insurance Company, ("Principal Life"), for its Interpleader Complaint against Defendants Frances C. Miranda, Shannon Miranda, Toni Parilla, Shane Miranda and Antonio Miranda, III, states:

///

///

- 1 -

COMPLAINT FOR INTERPLEADER

1. This action arises out of competing claims for the life insurance benefit on the life of Antonio Miranda ("Decedent"), who was covered under a group life insurance policy issued by Principal Life.

## THE PARTIES

2. Principal Life, an Iowa company with its principal place of business in Des Moines, Iowa, is a citizen of the state of Iowa. Principal Life is authorized to conduct and is conducting business as an insurer in California.

3. Frances C. Miranda, is a citizen and resident of the state of California and is, in all respects, *sui juris*. Frances Miranda is the surviving spouse of the Decedent.

4. Shannon Miranda is a citizen and resident of the state of North Carolina and is, in all respects, *sui juris*. Shannon Miranda is a daughter of the Decedent.

5. Toni Parilla is a citizen and resident of the state of California and is, in all respects, *sui juris*. Toni Parilla is a daughter of the Decedent.

6. Shane Miranda is a citizen and resident of the state of California and is, in all respects, *sui juris*. Shane Miranda is a son of the Decedent.

7. Antonio Miranda, III is a citizen and resident of the state of California and is, in all respects, *sui juris*. Antonio Miranda III is a son of the Decedent.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to the provisions of the Federal Interpleader Statute, 28 U.S.C. §§ 1335 and 2361, as Principal Life has in its custody or possession money or property valued at $500.00 or more that it is under a written obligation to pay, and two or more claimants of diverse citizenship claim to be entitled to said money. In addition, the court has jurisdiction over this matter under 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1397 as one or more of the claimants to the benefits resides in this District.

- 2 -

COMPLAINT FOR INTERPLEADER

## THE POLICY

10.    On or about July 1, 2007, Principal Life issued a Group Policy to the Morongo Band of Mission Indians, Group Member Life Insurance Policy No. H51624 (the "Group Policy"). Tribal members 18 years and older, which included Antonio Miranda (the "Decedent") were eligible for coverage under the Group Policy. A copy of the Group Policy is **Exhibit "A."**

11.    In an Amendment effective February 15, 2008, the Basic Life Benefit of the Group Policy was increased to a Flat Four Hundred and Seventy-Five Thousand Dollars and 00/100 Cents ($475,000.00) (the "Disputed Benefits"). A copy of the amendment effective February 15, 2008 is **Exhibit "B."**

12.    The Group Policy contains a provision in Part IV – Benefits, Section A Member Life Insurance, Page 2 and states:

> **Article 4 – Facility of Payment**
> If any of the below occur, benefits will be paid as stated. All such payments will discharge The Principal to the full extent of those payments.
>
> d.    If no beneficiary survives the Member of if the Member has not named a beneficiary, payment will be made in the following order of precedence as numbered:
>
> (1) To the Member's spouse or Domestic Partner:

13.    The Decedent didn't name a beneficiary for his Basic Life Benefit under the Group Policy and his surviving spouse is Frances Miranda.

## THE COMPETING CLAIMS

14.    The Decedent died on June 7, 2010. A copy of the Decedent's death certificate is **Exhibit "C."**

15.    After the Decedent's death, Principal Life was provided with a Life Claim Information form signed by Frances Miranda in which she stated that she was making a claim for the portion of the life benefit due to her as one of the beneficiary

- 3 -

members.    The claim form appears to have been prepared by and signed by the Morongo Band of Mission Indians Tribal HR Supervisor Marcia Heredia ("Heredia").

16.    Attached to the claim is a copy the Decedent's death certificate, as well as a legal Memorandum by Tribal Council providing what purports to be a Determination of Beneficiaries of Decedent (the "Memorandum").    A copy of the Memorandum is **Exhibit "D."**

17.    The determination in the Memorandum was that Resolution #081004-12[1], passed by the Tribal Council on August 10, 2004, determined life insurance beneficiaries when a tribal member died without having designated a beneficiary (the "Succession Rules").    Under the Succession Rules, the surviving spouse would receive one-third (1/3) of the death benefit, and each of Decedent's surviving children would receive an equal share of the remaining two-thirds (2/3).

18.    Principal Life repeatedly and unsuccessfully requested a copy of Resolution #081004-12 from Tribal HR Supervisor Heredia.

19.    The Life Claim Information form signed by Frances Miranda and dated September 3, 2010, sought one-third (1/3) of the Disputed Benefits (the "Frances Miranda Claim").    **Exhibit "E."**    Tribal HR Supervisor Heredia finalized the Frances Miranda Claim and submitted it to Principal Life on October 14, 2010.

20.    Frances Miranda now claims she signed the Frances Miranda Claim when it was blank and never intended to only claim a portion of the Group Policy's Basic Life Benefit for Decedent.    Frances Miranda has not submitted an amended claim form, but now claims entitlement to 100% of the Disputed Benefits.

21.    Toni Parrilla signed a Life Claim Information form for her share of the Disputed Benefits on October 20, 2010 (the "Parrilla Claim").    **Exhibit "F."**    Tribal HR Supervisor Heredia submitted the Parilla Claim to Principal Life on October 28, 2010.

---

[1] Tribal Council Resolution #081004-12 reportedly adopts California's inheritance rules to determine life insurance beneficiaries.  *See* CAL. PROB. CODE §§ 6401 and 6402.

- 4 -

COMPLAINT FOR INTERPLEADER

22. Shannon Miranda signed a Life Claim Information form for her share of the Disputed Benefits on October 22, 2010 (the "Shannon Miranda Claim"). **Exhibit "G."** Tribal HR Supervisor Heredia submitted the Shannon Miranda Claim to Principal Life on October 28, 2010.

23. Antonio Miranda, III signed a Life Claim Information form for his share of the Disputed Benefits on March 16, 2011 (the "Antonio Miranda, III Claim"). **Exhibit "H."** Tribal HR Supervisor Heredia submitted the Antonio Miranda, III Claim to Principal Life on April 6, 2011.

24. Pursuant to Tribal Council Resolution #081004-12, Shane Miranda, as a surviving child of Decedent, has a potential claim to one-fourth (1/4) of the two-thirds (2/3) of the Disputed Benefits. Tribal HR Supervisor Heredia stated she believed Shane Miranda was incarcerated and Principal Life has been unable to locate him to date.

25. Principal Life is unable to determine which party is entitled to the Disputed Benefits, and/or what percentage(s) of the Disputed Benefits the entitled party should receive.

26. Based on the current claims submitted by Frances Miranda, Tony Parilla, Shannon Miranda and Antonio Miranda, III, there are conflicting claims of the rival claimants to the Disputed Benefits, Principal Life cannot pay the Group Policy proceeds without danger of incurring multiple liabilities.

## COUNT I: INTERPLEADER

27. Principal Life incorporates in Count I the allegations of paragraphs 1 through 24 of this Complaint for Interpleader.

28. Conflicting claims exist regarding entitlement to the Disputed Benefits.

29. Principal Life is merely an innocent stakeholder and is unable to determine which of the adverse claimants is entitled to the Disputed Benefits under

- 5 -

COMPLAINT FOR INTERPLEADER

the Policy. As a result, Principal Life faces the threat of multiple litigation and multiple liabilities.

30.    Principal Life seeks to have Frances Miranda, Shannon Miranda, Toni Parilla, Shane Miranda and Antonio Miranda III interplead and resolve their competing claims to the Basic Life Benefit under the Group Policy, and to be discharged from all further liability in this litigation.

31.    Principal Life is now, and has, at all times, been ready, willing and able to pay the Disputed Benefits to the party legally entitled to that benefit.

32.    Principal Life is prepared to deposit the Disputed Benefits in the total amount of $475,000.00 into the Registry of this Court or into an escrow account if the parties agree, pending final resolution of this case or further order of this Court.

## RELIEF REQUESTED

Principal Life asks;

(i)    that Defendants be ordered to answer and present their claims to the Disputed Benefits;

(ii)    that this Court issue an order enjoining Defendants from instituting or prosecuting any action against Principal Life for the recovery of the Disputed Benefits or any portion thereof;

(iii)    that Principal Life be allowed to pay the Disputed Benefits into the Registry of this Court or into an escrow account if the parties agree;

(iv)    that Defendants be required to interplead and settle among themselves their right to the Disputed Benefits;

(v)    that Principal Life, after payment into the Registry of this Court its admitted liability under the Group Policy ($475,000.00), be discharged from any further liability arising from the Decedent's life insurance coverage under the Group Policy or arising in any other manner because of the Decedent's death, and be dismissed from this action with prejudice; and

- 6 -

COMPLAINT FOR INTERPLEADER

(vi)    that this Court order such other and further relief as it deems just and proper.

Dated: June 26, 2011

GONZALEZ SAGGIO & HARLAN LLP
Attorneys for Plaintiff
Principal Life Insurance Company

BY: _____
        KENNETH M. JONES

- 7 -

COMPLAINT FOR INTERPLEADER

8

EXHIBIT A

8



H51624

07/01/2007

GROUP POLICY FOR:

# MORONGO BAND OF MISSION INDIANS

**ALL TRIBAL MEMBERS 18 YEARS AND OLDER**
Group Member Life Insurance

**Print Date: 01/05/2008**

MIRANDA/PRINCIPAL
000114

EXHIBIT A

9

This page left blank intentionally

MIRANDA/PRINCIPAL
000115

EXHIBIT A

## POLICY RIDER

### GROUP INSURANCE

**POLICY NO: H51624**

**COVERAGE: Life**

**EMPLOYER: MORONGO BAND OF MISSION INDIANS**

Effective on the later of the Date of Issue of this Group Policy or March 1, 2005, the following will apply to your Policy:

From time to time The Principal may offer or provide certain employer groups who apply for coverage with The Principal a Financial Services Hotline and Grief Support Services or any other value added service for the employees of that employer group. In addition, The Principal may arrange for third party service providers (i.e., optometrists, health clubs), to provide discounted goods and services to those employer groups who apply for coverage with The Principal or who become insureds/enrollees of The Principal. While The Principal has arranged these goods, services and/or third party provider discounts, the third party service providers are liable to the applicants/insureds/enrollees for the provision of such goods and/or services. The Principal is not responsible for the provision of such goods and/or services nor is it liable for the failure of the provision of the same. Further, The Principal is not liable to the applicants/insureds/enrollees for the negligent provision of such goods and/or services by the third party service providers.

EXCEPT AS SPECIFICALLY DESCRIBED IN THIS RIDER, ALL OTHER BENEFITS AND PROVISIONS WILL BE AS DESCRIBED IN THE GROUP POLICY.

Senior Vice President and Corporate Secretary

President and Chief Operating Officer

PRINCIPAL LIFE INSURANCE COMPANY
DES MOINES, IOWA 50392-0001

GC 806 VAL

MIRANDA/PRINCIPAL
000116

EXHIBIT A

11

This page left blank intentionally

MIRANDA/PRINCIPAL
000117

EXHIBIT A                                                    12

## PRINCIPAL LIFE INSURANCE COMPANY
### (called The Principal in this Group Policy)
### Des Moines, Iowa 50392-0001

This group insurance policy is issued to:

### MORONGO BAND OF MISSION INDIANS

(called the Policyholder in this Group Policy)

The Date of Issue is July 1, 2007.

In return for the Policyholder's application and payment of all premiums when due, The Principal agrees to provide:

### MEMBER LIFE INSURANCE

### MEMBER ACCIDENTAL DEATH AND DISMEMBERMENT INSURANCE

subject to the terms and conditions described in this Group Policy.

*Hayee N. Hoffman*
Senior Vice President and Corporate Secretary

*Larry Zimmerman*
President and Chief Operating Officer

GROUP POLICY NO. GL H51624
RENEWABLE TERM - NON-PARTICIPATING
CONTRACT STATE OF ISSUE: CALIFORNIA

GC 6000 MORO                    TITLE PAGE

MIRANDA/PRINCIPAL
000118

EXHIBIT A                                    13

# TABLE OF CONTENTS

## PART I - DEFINITIONS

## PART II - POLICY ADMINISTRATION

### Section A - Contract

| | |
|---|---|
| Entire Contract | Article 1 |
| Policy Changes | Article 2 |
| Policyholder Eligibility Requirements | Article 3 |
| Policy Incontestability | Article 4 |
| Individual Incontestability | Article 5 |
| Information to be Furnished | Article 6 |
| Certificates | Article 7 |
| Assignments | Article 8 |
| Policy Interpretation | Article 9 |
| Electronic Transactions | Article 10 |

### Section B - Premium

| | |
|---|---|
| Payment Responsibility; Due Dates; Grace Period | Article 1 |
| Premium Rates | Article 2 |
| Premium Rate Changes | Article 3 |
| Premium Amount | Article 4 |
| Contributions from Members | Article 5 |

### Section C - Policy Termination

| | |
|---|---|
| Failure to Pay Premium | Article 1 |
| Termination Rights of the Policyholder | Article 2 |
| Termination Rights of The Principal | Article 3 |
| Policyholder Responsibility to Members | Article 4 |

### Section D - Policy Renewal

| | |
|---|---|
| Renewal | Article 1 |

## PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS

### Section A - Eligibility

| | |
|---|---|
| Member Life Insurance | Article 1 |

GC 6001 MORO                TABLE OF CONTENTS, PAGE 1

MIRANDA/PRINCIPAL
000119

EXHIBIT A                                                    14

Member Accidental Death and Dismemberment Insurance        Article 2

**Section B - Effective Dates**

Member Life Insurance                                       Article 1
Member Accidental Death and Dismemberment Insurance        Article 2

**Section C - Individual Terminations**

Member Life Insurance                                       Article 1
Member Accidental Death and Dismemberment Insurance        Article 2
Termination for Fraud                                       Article 3
Insurance While Outside of the United States               Article 4

**Section E - Reinstatement**

Reinstatement of Insurance for a Member When Insurance
Ends due to Living Outside of the United States
                                                            Article 1

**Section F - Individual Purchase Rights**

Member Life Insurance                                       Article 1

**PART IV - BENEFITS**

**Section A - Member Life Insurance**

Schedule of Insurance                                       Article 1
Death Benefits Payable                                      Article 2
Beneficiary                                                 Article 3
Facility of Payment                                         Article 4
Settlement of Proceeds                                      Article 5
Accelerated Benefits                                        Article 6

**Section B - Member Accidental Death and Dismemberment Insurance**

Schedule of Insurance                                       Article 1
Benefit Qualification                                       Article 2
Benefits Payable                                            Article 3
Seat Belt Benefit                                           Article 4
Loss of Use or Paralysis Benefit                            Article 5
Loss of Speech and/or Hearing Benefit                       Article 6
Repatriation Benefit                                        Article 7
Educational Benefit                                         Article 8

GC 6001 MORO              TABLE OF CONTENTS, PAGE 2

MIRANDA/PRINCIPAL
000120

EXHIBIT A                                      15

Limitations                                                                Article 9

**Section D – Claim Procedures**

    Notice of Claim                                            Article 1
    Claim Forms                                                Article 2
    Proof of Loss                                              Article 3
    Payment, Denial and Review                                 Article 4
    Medical Examinations                                       Article 5
    Autopsy                                                    Article 6
    Legal Action                                               Article 7
    Time Limits                                                Article 8

GC 6001 MORO          **TABLE OF CONTENTS, PAGE 3**

MIRANDA/PRINCIPAL
000121

EXHIBIT A                                          16

## PART I - DEFINITIONS

When used in this Group Policy the terms listed below will mean:

**Date of Issue**

The date this Group Policy is placed in force: July 1, 2007.

**Dependent**

a.  A Member's spouse, if that spouse:

    (1)  is legally married to the Member; and
    (2)  is not in the Armed Forces of any country; and
    (3)  is not insured under this Group Policy as a Member.

b.  A Member's Dependent Child (or Children) as defined below.

c.  A Member's Domestic Partner, if the Member and the Domestic Partner have filed a Declaration of Domestic Partnership with the Secretary of State, if required, and that Domestic Partner is not in the Armed Forces of any country.

d.  A Domestic Partner's Dependent Child (or Children) as defined below.

**Dependent Child; Dependent Children**

a.  A Member's natural child, if that child:

    (1)  is not married; and
    (2)  is not in the Armed Forces of any country; and
    (3)  is not insured under this Group Policy as a Member; and
    (4)  is less than 21 years of age.

b.  A Member's stepchild, if that child:

    (1)  meets the requirements in a. (1), (2), (3), and (4) above; and
    (2)  receives principal support from the Member.

c.  A Member's foster child, if that child:

    (1)  meets the requirements in a. (1), (2), (3), and (4) above; and
    (2)  lives with the Member; and
    (3)  receives principal support from the Member; and

**GC 6002 MORO**      **PART I - DEFINITIONS, PAGE 1**

MIRANDA/PRINCIPAL
000122

(4)    is approved in Writing by The Principal as a Dependent Child.

d.    A Member's adopted child, if that child meets the requirements in a. (1), (2), (3), and (4) above and the Member:

(1)    is a party in a law suit in which the Member is seeking the adoption of the child; or

(2)    has custody of the child under a court order that grants custody of the child to the Member.

An adopted child will be considered a Dependent Child on the earlier of: the date the petition for adoption is filed; or the date of entry of an order granting the adoptive parent custody of the child for the purpose of adoption.

e.    A Domestic Partner's, child who otherwise qualifies under a., b., c., or d. above or if the Member or Domestic Partner is the child's guardian by court order.

f.    The child of a Member's Dependent Child, if the child can be claimed as a dependent of the Member for federal income tax purposes.

g.    A Member's child 21 years but less than 25 years of age who otherwise qualifies under a., b., c., d., or e. above, if that child receives principal support from the Member and is a Full-Time Student, as defined in this PART I.

h.    A Member's child 21 years but less than 25 years of age, if that child is a Mormon missionary for a period of two years or less and:

(1)    otherwise qualifies under a., b., c., d., or e. above; and

(2)    receives principal support from the Member.

**Domestic Partner; Domestic Partnership**

A Member's opposite sex life partner or same sex life partner, provided:

a.    the partner is not in the Armed Forces of any country; and

b.    the partner is not covered under this Group Policy as a Member; and

c.    the partner is at least 18 years of age; and

d.    neither the partner nor the Member is married; and

e.    neither the partner nor the Member has a Domestic Partnership with another person that has not been terminated; and

**GC 6002 MORO          PART I - DEFINITIONS, PAGE 2**

MIRANDA/PRINCIPAL
000123

EXHIBIT A                                                    18

f.   the partner is not a blood relative of the Member; and

g.   the partner and the Member share the same residence; and

h.   the partner and the Member are each other's sole life partner and intend to remain so indefinitely; and

i.   the partner and the Member are jointly responsible for each other's financial welfare; and

j.   the partner and the Member are not in their relationship solely for the purpose of obtaining insurance coverage.

**Full-Time Student**

A Member's Dependent Child attending a school that has a regular teaching staff, curriculum, and student body and who:

a.   attends school on a full-time basis, as determined by the school's criteria; and

b.   is dependent on the Member for principal support.

**Group Policy**

The policy of group insurance issued by The Principal to the Policyholder, which describes benefits and provisions for Members.

**Insurance Month**

Calendar Month.

**Member**

Any TRIBAL MEMBER 18 YEARS OF AGE OR OLDER as defined by the Morongo tribal bylaws and who has been given a roll call number.

**Physician**

a.   A licensed Doctor of Medicine (M.D.) or Osteopathy (D.O.); or

b.   any other licensed health care practitioner that state law requires be recognized as a Physician under this Group Policy.

The term Physician does not include the Member, an employee of the Member, a business or professional partner or associate of the Member, any person who has a financial affiliation or

GC 6002 MORO            PART I - DEFINITIONS, PAGE 3

MIRANDA/PRINCIPAL
000124

EXHIBIT A                                        19

business interest with the Member, anyone related to the Member by blood or marriage, or anyone living in the Member's household.

**Policy Anniversary**

July 1, 2009 and the same day of each following year.

**Policyholder**

The entity to whom this Group Policy is issued (see Title Page).

**Prior Policy**

The Group Term Life coverage of either:

a.    the Policyholder; or

b.    a business entity which has been obtained by the Policyholder through a merger or acquisition;

for which this Group Policy is a replacement.

**Proof of Good Health**

Written evidence that a person is insurable under the underwriting standards of The Principal. This proof must be provided in a form satisfactory to The Principal.

**Qualifying Event**

A Qualifying Event for Accelerated Benefits is a medical condition, which would, in the absence of extensive or extraordinary medical treatment; result in a dramatically limited life span. Such conditions may include, BUT ARE NOT LIMITED TO, one or more of the following:

    (1)    coronary artery disease resulting in an acute infarction or requiring surgery;
    (2)    permanent neurological deficit resulting from cerebral vascular accident;
    (3)    end stage renal failure; or
    (4)    acquired immune deficiency syndrome (AIDS).

**Signed or Signature**

Any symbol or method executed or adopted by a person with the present intention to authenticate a record, and which is on or transmitted by paper or electronic media, and which is consistent with applicable law and is agreed to by The Principal.

GC 6002 MORO          **PART I - DEFINITIONS, PAGE 4**

MIRANDA/PRINCIPAL
000125

EXHIBIT A                                                                20

**Terminally Ill**

A Member will be considered Terminally Ill if he or she has experienced a Qualifying Event and is expected to die within 12 months of the date he or she requests payment of Accelerated Benefits.

**Written or Writing**

A record which is on or transmitted by paper or electronic media, and which is consistent with applicable law.

GC 6002 MORO                    PART I - DEFINITIONS, PAGE 5

MIRANDA/PRINCIPAL
000126

EXHIBIT A                    21

## PART II - POLICY ADMINISTRATION

### Section A - Contract

### Article 1 - Entire Contract

This Group Policy, the current Certificate, the attached Policyholder application, and any Member applications make up the entire contract. The Principal is obligated only as provided in this Group Policy and is not bound by any trust or plan to which it is not a signatory party.

### Article 2 - Policy Changes

Insurance under this Group Policy runs annually to the Policy Anniversary, unless sooner terminated. No agent, employee, or person other than an officer of The Principal has authority to change this Group Policy, and, to be effective, all such changes must be in Writing and Signed by an officer of The Principal.

The Principal reserves the right to change this Group Policy as follows:

a.    Any or all provisions of this Group Policy may be amended or changed at any time, including retroactive changes, to the extent necessary to meet the requirements of any law or any regulation issued by any governmental agency to which this Group Policy is subject.

b.    Any or all provisions of this Group Policy may be amended or changed at any time when The Principal determines that such amendment is required for consistent application of policy provisions.

c.    By Written agreement between The Principal and the Policyholder, this Group Policy may be amended or changed at any time as to any of its provisions.

Any change to this Group Policy, including, but not limited to, those in regard to coverage, benefits, and participation privileges, may be made without the consent of any Member.

Payment of premium beyond the effective date of the change constitutes the Policyholder's consent to the change.

### Article 3 - Policyholder Eligibility Requirements

### PART II - POLICY ADMINISTRATION

GC 6003 MORO                    Section A - Contract, Page 1

MIRANDA/PRINCIPAL
000127

EXHIBIT A                                            22

To be an eligible group and to remain an eligible group, the Policyholder must:

a.   make at least the level of premium contributions required for insurance on its eligible Members. The Policyholder must contribute at least 50% of the required premium for all Members (including disabled Members, if any); and

b.   if the Member is to contribute no part of the premium, 100% of eligible Members must enroll.

## Article 4 - Policy Incontestability

In the absence of fraud, after this Group Policy has been in force two years, The Principal may not contest its validity except for nonpayment of premium.

## Article 5 - Individual Incontestability

All statements made by any individual insured under this Group Policy will be representations and not warranties. In the absence of fraud, these statements may not be used to contest an insured person's insurance unless:

a.   the insured person's insurance has been in force for less than two years during the insured's lifetime; and

b.   the statement is in Written form Signed by the insured person; and

c.   a copy of the form which contains the statement is given to the insured or the insured's beneficiary at the time insurance is contested.

However, these provisions will not preclude the assertion at any time of defenses based upon the person's ineligibility for insurance under this Group Policy or upon the provisions of this Group Policy.

In addition, if an individual's age is misstated, The Principal may at any time adjust premium and benefits to reflect the correct age.

## Article 6 - Information to be Furnished

The Policyholder must, upon request, give The Principal all information needed to administer this Group Policy. If a clerical error is found in this information, The Principal may at any time adjust premium to reflect the facts. An error will not invalidate insurance that would otherwise be in force. Neither will an error continue insurance that would otherwise be

## PART II - POLICY ADMINISTRATION

GC 6003 MORO                     Section A - Contract, Page 2

MIRANDA/PRINCIPAL
000128

EXHIBIT A                                              23

terminated.

The Principal may inspect, at any reasonable time, all Policyholder records, which relate to the Group Policy.

## Article 7 - Certificates

The Principal will give the Policyholder Certificates for delivery to insured Members. The delivery of such Certificates will be in either paper or electronic format. The Certificates will be evidence of insurance and will describe the basic features of the coverage. They will not be considered a part of this Group Policy.

## Article 8 - Assignments

Members diagnosed with a terminal illness will be allowed to make an assignment for value under this Group Policy and then only if:

a.    the Member's life expectancy is 12 months or less; and

b.    Written proof of the terminal illness is received and approved by The Principal.

## Article 9 - Policy Interpretation

The Principal has complete discretion to construe or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided. The decisions of The Principal in such matters shall be controlling, binding and final as between The Principal and persons covered by the Group Policy, subject to the Claims Procedures in PART IV, Section D.

## Article 10 - Electronic Transactions

Any transaction relating to this Group Policy may be conducted by electronic means if performance of the transaction is consistent with applicable state and federal law.

Any notice required by the provisions of this Group Policy given by electronic means will have the same force and effect as notice given in writing.

## PART II - POLICY ADMINISTRATION

GC 6003 MORO                    Section A - Contract, Page 3

EXHIBIT A

MIRANDA/PRINCIPAL
000129   24

## Section B - Premiums

### Article 1 - Payment Responsibility; Due Dates; Grace Period

The Policyholder is responsible for collection and payment of all premiums due while this Group Policy is in force. Payments must be sent to the home office of The Principal in Des Moines, Iowa.

The first premium is due on the Date of Issue of this Group Policy. Each premium thereafter will be due on the first of each Insurance Month. Except for the first premium, a Grace Period of 31 days will be allowed for payment of premium. "Grace Period" means the first 31-day period following a premium due date. The Group Policy will remain in force until the end of the Grace Period, unless the Group Policy has been terminated by notice as described in this PART II, Section C. The Policyholder will be liable for payment of the premium for the time this Group Policy remains in force during the Grace Period.

### Article 2 - Premium Rates

The premium rate(s) for each Member insured for Life Insurance will be:

a.   Member Life Insurance
     $0.470 for each $1,000 of insurance in force.

b.   Member Accidental Death and Dismemberment Insurance
     $0.020 for each $1,000 of Member Life Insurance in force.

If the Policyholder has at least two other eligible group insurance policies underwritten by The Principal, as determined by The Principal, the Policyholder may be eligible for a multiple policy discount.

### Article 3 - Premium Rate Changes

The Principal may change a premium rate:

a.   on any premium due date, if the initial premium rate has then been in force 24 months or more and if Written notice is given to the Policyholder at least 31 days before the date of change; or

b.   on any date the definition of Member is changed; and

c.   on any date the Policyholder's business, as specified on the Policyholder application, is

## PART II - POLICY ADMINISTRATION

GC 6004 MORO                Section B - Premiums, Page 1

MIRANDA/PRINCIPAL
000130

EXHIBIT A                                                    25

changed; and

d.    on any date that a schedule of insurance or class of insured Members is changed; and

e.    on any premium due date, if the Policyholder has been receiving a multiple policy discount rate and the Policyholder drops below the minimum number of coverages to receive such discount rate; and

f.    on any date the premium contribution required of Members is changed; and

g.    with respect to Member Life Insurance, on any Policy Anniversary, if the average age, average Scheduled Benefit amount, or the male/female distribution for then insured Members has changed since the last Policy Anniversary; and

h.    on any Policy Anniversary, if the volume of insurance for then insured Members has increased or decreased by more than 25% since the last Policy Anniversary.

If the Policyholder has other group insurance with The Principal, and if life coverage is initially added on a date other than the Policy Anniversary and it is more than six months before the next Policy Anniversary, The Principal reserves the right to change the premium rate on the next Policy Anniversary. Written notice will be given to the Policyholder at least 31 days before the date of change.

If the Policyholder agrees to participate in the electronic services program of The Principal and, at a later date elects to withdraw from participation, such withdrawal may result in certain administrative fees being charged to the Policyholder.

## Article 4 - Premium Amount

The amount of premium to be paid on each due date will be determined in these ways:

a.    Member Life Insurance
      The total volume of insurance in force will be divided by 1,000. The result will then be multiplied by the premium rate then in effect.

b.    Member Accidental Death and Dismemberment Insurance
      The total volume of insurance in force will be divided by 1,000. The result will then be multiplied by the premium rate then in effect.

To ensure accurate premium calculations, the Policyholder is responsible for reporting to The Principal, the following information during the stated time periods:

a.    Members who are eligible to become insured are to be reported during the month prior to or during the month that coverage becomes effective.

### PART II - POLICY ADMINISTRATION

GC 6004 MORO              Section B - Premiums, Page 2

MIRANDA/PRINCIPAL
000131

EXHIBIT A                                          26

b.   Members whose coverage has terminated are to be reported within a month of the date coverage terminated.

c.   Changes in Member insurance class are to be reported within a month of the date that the change in insurance class took place.

If a Member is added or a present Member's insurance is increased or terminated on other than the first of an Insurance Month, premium for that Member will be adjusted and applied as if the change were to take place on the first of the next following Insurance Month.

**Article 5 - Contributions from Members**

Members are not required to contribute a part of the premium for their Member insurance under this Group Policy.

**PART II - POLICY ADMINISTRATION**

GC 6004 MORO                    Section B - Premiums, Page 3

MIRANDA/PRINCIPAL
000132

EXHIBIT A                                        27

## Section C – Policy Termination

### Article 1 – Failure to Pay Premium

This Group Policy will terminate at the end of the Grace Period if total premium due has not been received by The Principal before the end of the Grace Period. Failure by the Policyholder to pay the premium within the Grace Period will be deemed notice by the Policyholder to The Principal to discontinue this Group Policy at the end of the Grace Period.

### Article 2 – Termination Rights of the Policyholder

The Policyholder may terminate this Group Policy effective on the day before any premium due date by giving Written notice to The Principal prior to that premium due date. The Policyholder's issuance of a stop-payment order for any amounts used to pay premiums for the Policyholder's coverage will be considered Written notice from the Policyholder.

### Article 3 – Termination Rights of The Principal

The Principal may nonrenew or terminate this Group Policy by giving the Policyholder 31 days advance notice in Writing, if the Policyholder:

a.    fails to make at least the level of premium contributions required for coverage on its eligible Members; or

b.    fails to maintain three or more insured Members under this Group Policy; or

c.    fails to pay premium in accordance with the requirements of PART II, Section B; or

d.    has performed an act or practice that constitutes fraud or has made an intentional misrepresentation of material fact under the terms of this Group Policy; or

e.    does not promptly provide The Principal with information that is reasonably required; or

f.    fails to perform any of its obligations that relate to this Group Policy.

The Principal may terminate the Policyholder's coverage on any premium due date if the Policyholder relocates to a state where this Group Policy is not marketed, by giving the Policyholder 31 days advanced notice in Writing.

## PART II – POLICY ADMINISTRATION

**GC 6005 MORO**          Section C – Policy Termination, Page 1

MIRANDA/PRINCIPAL
000133

EXHIBIT A                                                28

## Article 4 - Policyholder Responsibility to Members

If this Group Policy terminates for any reason, the Policyholder must:

a.    notify each Member of the effective date of the termination; and

b.    refund or otherwise account to each Member all contributions received or withheld from Members for premiums not actually paid to The Principal.

**PART II - POLICY ADMINISTRATION**

GC 6005 MORO           **Section C - Policy Termination, Page 2**

MIRANDA/PRINCIPAL
000134

EXHIBIT A                                                              29

## Section D - Policy Renewal

**Article 1 - Renewal**

Insurance under this Group Policy runs annually to the Policy Anniversary, unless sooner terminated.

While this Group Policy is in force, and subject to the provisions in this PART II, Section C, the Policyholder may renew at the applicable premium rates in effect on the Policy Anniversary.

**PART II - POLICY ADMINISTRATION**

GC 6005 A MORO          Section D - Policy Renewal, Page 1

MIRANDA/PRINCIPAL
000135

EXHIBIT A                                                    30

# PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS

## Section A - Eligibility

### Article 1 - Member Life Insurance

A person will be eligible for Member Life Insurance on:

a.    the Date of Issue of this Group Policy, if the person is a Member on that date; or

b.    the date the person becomes a Member as defined in PART I.

In no circumstance will a person be eligible for Member Life Insurance under this Group
Policy if the person is eligible under any other Group Term Life Insurance policy
underwritten by The Principal.

### Article 2 - Member Accidental Death and Dismemberment Insurance

A person will be eligible for Member Accidental Death and Dismemberment Insurance on the
latest of:

a.    the date the person is eligible for Member Life Insurance; or

b.    the date the person enters a class for which Member Accidental Death and
Dismemberment Insurance is provided under this Group Policy; or

c.    the date Member Accidental Death and Dismemberment Insurance is added to this
Group Policy.

## PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS

**GC 6006 MORO**            Section A - Eligibility, Page 1

MIRANDA/PRINCIPAL
000136

EXHIBIT A                                          31

**Section B - Effective Dates**

**Article 1 - Member Life Insurance**

a.   **Effective Date for Initial Noncontributory Insurance**

Insurance for which the Member contributes no part of premium will be in force on the date the Member is eligible.

b.   **Effective Date for Benefit Changes Due to Change by Policy Amendment**

A change in the amount of a Member's Scheduled Benefits because of a change in the Schedule of Insurance (as described in PART IV, Section A) by amendment to this Group Policy will be effective on the date of change.

c.   **Effective Date for Benefit Changes Due to Changes Requested by the Member**

A change in a Member's Scheduled Benefits because of a request by the Member will normally be effective on the date of the request.

**Article 2 - Member Accidental Death and Dismemberment Insurance**

Member Accidental Death and Dismemberment Insurance will be effective under the same terms as set forth for Member Life Insurance in this Section B, Article 1. However, in no event will Member Accidental Death and Dismemberment Insurance be in force for a Member who is not insured for Member Life Insurance.

Any change in a Member's Scheduled Benefit will be as stated in this Section B, Article 1.

**PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS**

GC 6007 MORO            Section B - Effective Dates, Page 1

MIRANDA/PRINCIPAL
000137

EXHIBIT A

## Section C - Individual Terminations

### Article 1 - Member Life Insurance

A Member's insurance under this Group Policy will terminate on the earliest of:

a.    the date this Group Policy is terminated; or

b.    the end of the Insurance Month for which the last premium is paid for the Member's insurance; or

c.    the end of any Insurance Month, if requested by the Member before that date; or

d.    the end of the Insurance Month in which the Member ceases to be a Member as defined in PART I.

### Article 2 - Member Accidental Death and Dismemberment Insurance

A Member's Accidental Death and Dismemberment Insurance under this Group Policy will terminate on the earliest of:

a.    the date his or her Member Life Insurance ceases; or

b.    the date Member Accidental Death and Dismemberment Insurance is removed from this Group Policy; or

c.    the end of the Insurance Month for which the last premium is paid for the Member's Accidental Death and Dismemberment Insurance.

### Article 3 - Termination for Fraud

The Principal may at any time terminate a Member's eligibility under the Group Policy:

a.    in Writing and with 31-day notice, if the individual submits any claim that contains false or fraudulent elements under state or federal law;

b.    in Writing and with 31-day notice, upon finding in a civil or criminal case that a Member has submitted claims that contain false or fraudulent elements under state or federal law;

c.    in Writing and with 31-day notice, when a Member has submitted a claim which, in

## PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS

GC 6008 MORO      Section C – Individual Terminations, Page 1

MIRANDA/PRINCIPAL
000138
33

EXHIBIT A

good faith judgement and investigation, a Member knew or should have known, contains false or fraudulent elements under state or federal law.

**Article 4 – Insurance While Outside of the United States**

If a Member is temporarily outside the United States, the Member may choose to continue his or her insurance, subject to premium payment for a period of six months or less for one of the following reasons:

a.    travel; or

b.    a business assignment; or

c.    full-time student status, provided the Member is either:

(1)    enrolled and attending an accredited school in a foreign country; or
(2)    is participating in an academic program in a foreign country, for which the institution of higher learning at which the student is enrolled in the U.S. grants academic credit.

The six-month period will not be reduced for any time covered under a Prior Policy.

If a Member is outside the United States for any other reason than those listed above, insurance for the person concerned will automatically terminate.

**PART III – INDIVIDUAL REQUIREMENTS AND RIGHTS**

**GC 6008 MORO        Section C – Individual Terminations, Page 2**

MIRANDA/PRINCIPAL
000139

EXHIBIT A                                34

Section E - Reinstatement

**Article 1 - Reinstatement of Insurance for a Member When Insurance Ends due to Living Outside of the United States**

If insurance for a Member terminates because the person is outside of the United States as discussed in this PART III, Section C, Article 4, the Member may become eligible again for insurance under this Group Policy, but only if the Member returns to the United States within six months of the date on which insurance terminated because the person is outside of the United States.

The reinstated insurance will be on the same basis as that being provided on the date insurance is reinstated. However, any restrictions on this insurance that were in effect before reinstatement will continue to apply. If the Member does not complete the 30 consecutive days of residence, the insurance for such person will not be reinstated.

**PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS**

**GC 6010 MORO**               Section E - Reinstatement, Page 1

MIRANDA/PRINCIPAL
000140

EXHIBIT A                                               35

**Section F - Individual Purchase Rights**

**Article 1 - Member Life Insurance**

**a.   Individual Policy**

If a Member qualifies and makes timely application, he or she may convert the group coverage by purchasing an individual policy of life insurance under these terms:

(1)   The Member will not be required to submit Proof of Good Health.
(2)   The policy will be for life insurance only. No disability or other benefits will be included.
(3)   The policy will be on one of the forms, other than term insurance, then issued by The Principal to persons in the risk class to which the Member belongs on the individual policy's effective date.
(4)   Premium will be based on the Member's age and The Principal's standard rate for the policy form to be issued.

**b.   Purchase Qualification**

A Member will qualify for individual purchase if insurance under this Group Policy terminates and:

(1)   after the Member has been continuously insured under this Group Policy for at least five years, his or her total Member Life Insurance terminates because this Group Policy terminates or is amended to exclude the Member's insurance class; or
(2)   after the Member has been continuously insured under this Group Policy for at least five years, his or her total Member Life Insurance terminates because this Group Policy terminates; or
(3)   the Member's Accelerated Benefits Premium Waiver Period as described in PART IV, Section A, ceases and he or she does not qualify for Coverage During Disability.

**c.   Application/Effective Date**

Notice of the individual purchase right must be given to the Member by the Policyholder before insurance under this Group Policy terminates, or as soon as reasonably possible thereafter.

A Member must apply for individual purchase and the first premium for the individual policy must be paid to The Principal within 31 days after the date Member Life Insurance terminates under this Group Policy.

**PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS**

**GC 6011 CA MORO  Section F - Individual Purchase Rights, Page 1**

MIRANDA/PRINCIPAL
000141

EXHIBIT A                                      36

Any individual policy issued will then be in force on the 32nd day following such termination date.

**d. Individual Policy Amount**

The amount of insurance that may be purchased may vary:

(1)  If termination is as described in b. (1) above, the maximum amount will be the Member Life Insurance benefit in force on the date of termination or the portion of Member Life Insurance that has terminated, less any Accelerated Benefit payment as described in PART IV, Section A, Article 6.

(2)  If termination is as described in b. (2) above, the maximum amount will be the lesser of:

  -  $10,000; or
  -  the Member Life Insurance benefit in force on the date of termination, less any Accelerated Benefit payment as described in PART IV, Section A, Article 6 and less the amount for which the Member becomes eligible under any group policy within 31 days.

(3)  If termination is as described in b. (3) above, the maximum amount will be the Member Life Insurance benefit in force on the date the Member does not qualify, less any individual policy amount purchased earlier under this Article 1, and less any Accelerated Benefit payment as described in PART IV, Section A, Article 6.

**PART III - INDIVIDUAL REQUIREMENTS AND RIGHTS**

**GC 6011 CA MORO  Section F - Individual Purchase Rights, Page 2**

MIRANDA/PRINCIPAL
000142

EXHIBIT A

## PART IV - BENEFITS

### Section A - Member Life Insurance

#### Article 1 - Schedule of Insurance

Subject to the Effective Date provisions of PART III, Section B, and the qualifying provisions of this Section A, the Scheduled Benefit for an insured Member will be based on his or her class:

| Class | *Scheduled Benefit |
|---|---|
| ALL MEMBERS | $175,000 |

However, if a Member has received any payments under the Accelerated Benefits provision as described in Section A, Article 6, the Scheduled Benefit will be reduced by the amount of such payment.

*For the age(s) shown below, the amount of a Member's insurance will be the percentage of the Scheduled Benefit (or approved amount, if applicable) as shown below.

| Age | % of Scheduled Benefit (or approved amount, whichever applies) |
|---|---|
| Age 70 but less than age 75 | 65% |
| Age 75 and over | 45% |

#### Article 2 - Death Benefits Payable

If a Member dies while insured for Member Life Insurance under this Group Policy, The Principal will pay his or her beneficiary the Scheduled Benefit (or approved amount, if applicable) in force on the date of death; less any unpaid premium and less any Accelerated Benefit payment as described in PART IV, of this Section A, Article 6. However, if a beneficiary is suspected or charged with the Member's death, the Death Benefits Payable may be withheld until additional information has been received or the trial has been held.

If a Member who was insured dies within the 31-day individual purchase period described in PART III, Section F, The Principal will pay his or her beneficiary the individual policy amount, if any, the Member had the right to purchase.

No payment will be made before The Principal receives Written proof of the Member's death.

### PART IV - BENEFITS

GC 6013 MORO        Section A - Member Life Insurance, Page 1

MIRANDA/PRINCIPAL
000143

EXHIBIT A                                    38

**Article 3 - Beneficiary**

A beneficiary should be named at the time a Member applies or enrolls under this Group Policy. A Member may name or later change a named beneficiary by sending a Written request to the Policyholder. A change will not be effective until recorded by the Policyholder. Once recorded, the change will apply as of the date the request was Signed. If any benefit is properly paid by The Principal before a change request is received, that payment may not be contested. Further:

a.  The naming of a new beneficiary in an application for individual purchase under PART III, Section F, Article 1, will be treated as a beneficiary change request under this Group Policy.

b.  If a Member's terminated insurance is reinstated, his or her beneficiary will be as recorded on the date of termination.

If a Member is insured under this Group Policy on its Date of Issue and this insurance replaces insurance in force on the day immediately before the Date of Issue, the beneficiary named in such replaced insurance and recorded by the Policyholder or The Principal will be the beneficiary under this Group Policy until a new beneficiary is named.

**Article 4 - Facility of Payment**

If any of the below occur, benefits will be paid as stated. All such payments will discharge The Principal to the full extent of those payments.

a.  If a beneficiary is found guilty of the Member's death, such beneficiary may be disqualified from receiving any benefit due. Payment may then be made to any contingent beneficiary or to the executor or administrator of the Member's estate.

b.  Any benefit due a beneficiary who dies before the Member's death will be paid in equal shares to the Member's surviving beneficiaries.

c.  If a beneficiary dies at the same time or within 15 days after the Member dies, but before The Principal receives Written proof of the Member's death, payment will be made as if the Member survived the beneficiary.

d.  If no beneficiary survives the Member or if the Member has not named a beneficiary, payment will be made in the following order of precedence as numbered:

   (1)  to the Member's spouse or Domestic Partner;
   (2)  to the Member's children born to or legally adopted by the Member;
   (3)  to the Member's Domestic Partner's children born or legally adopted by the Member's Domestic Partner;

**PART IV - BENEFITS**

GC 6013 MORO      Section A - Member Life Insurance, Page 2

MIRANDA/PRINCIPAL
000144

EXHIBIT A                                          39

    (4)   to the Member's parents;

    (5)   to the Member's brothers and sisters; or

    (6)   if none of the above, to the executor or administrator of the Member's estate.

e.    If The Principal believes a person is not legally able to give a valid receipt, as determined by The Principal, for a payment, and no guardian has been appointed, The Principal may pay whoever has assumed the care and support of the person.

## Article 5 – Settlement of Proceeds

When The Principal receives Written proof of the Member's death, the Scheduled Benefit in force for the Member, less any unpaid premium, will be placed in an interest-bearing draft account, unless a lump sum or other settlement option has been elected. With the interest-bearing draft account, the balance will be available to the beneficiary at any time, in total or in part, subject to the following terms:

a.    withdrawals must be made by draft furnished by The Principal; and

b.    the draft amount must be at least $500 or more and may not exceed the account balance; and

c.    if the account balance falls below $500, the balance will be paid to the beneficiary in a lump sum and the account closed; and

d.    the account cannot be assigned or used as collateral.

The Interest Draft Account will not be available if the Scheduled Benefit amount payable is $5,000 or less; or if the beneficiary is anything other than a natural person. In these instances, a lump sum payment will be made.

In the event the Interest Draft Account is not available or otherwise does not apply, The Principal reserves the right to make payment of proceeds according to other settlement options if agreed to, in Writing, by The Principal.

Payment of benefits will be subject to the Beneficiary and Facility of Payment provisions of this PART IV, Section A.

## Article 6 – Accelerated Benefits

a.    **Accelerated Benefits Qualification**

    To be qualified for an Accelerated Benefit payment, a Member must:

**PART IV - BENEFITS**

GC 6013 MORO       Section A - Member Life Insurance, Page 3

MIRANDA/PRINCIPAL
000145

EXHIBIT A             40

(1) be Terminally Ill and insured for a Member Life Insurance benefit of at least $10,000; and

(2) send a request for Accelerated Benefit payment to The Principal; and

(3) provide proof satisfactory to The Principal that he or she is Terminally Ill.

**b.    Proof of Terminal Illness**

Proof that a Member is Terminally Ill will consist of:

(1) a statement from the Member's Physician; and

(2) any other medical information that The Principal believes necessary to confirm the Member's status.

**c.    Benefit Payable**

The Principal will pay a Member who is qualified for Accelerated Benefits whatever amount he or she requests; except that:

(1) only one Accelerated Benefit payment will be made during the Member's lifetime; and

(2) the amount requested must be at least $5,000; and

(3) in no event will payment exceed the lesser of:

- 75% of the Member Life Insurance benefit in force on the date of the request; or
- $250,000.

The Accelerated Benefit payment will be made in a lump sum.

**d.    Effect on Member Life Insurance Benefits**

If an Accelerated Benefit is paid, the Member Life Insurance Benefit otherwise payable upon the Member's death will be reduced by the sum of the Accelerated Benefit payment.

**e.    Premium Waiver Period**

A premium waiver period will be established on the date The Principal pays an Accelerated Benefit to a Member. This period will end on the earlier of the Member's death or the date two years after the date of the Accelerated Benefit.

During a premium waiver period there will be no Member Life Insurance and Member Accidental Death and Dismemberment Insurance premium charge for the Member.

**PART IV - BENEFITS**

**GC 6013 MORO**          Section A - Member Life Insurance, Page 4

MIRANDA/PRINCIPAL
000146

EXHIBIT A

### Section B - Member Accidental Death and Dismemberment Insurance

#### Article 1 - Schedule of Insurance

Subject to the Effective Date provisions of PART III, Section B, and the qualifying provisions of this Section B, the Scheduled Benefit for an insured Member will be based on his or her class:

| Class | *Scheduled Benefit |
|---|---|
| ALL MEMBERS | $175,000 |

*For the age(s) shown below, the amount of a Member's insurance will be the percentage of the Scheduled Benefit (or approved amount, if applicable) as shown below.

| Age | % of Scheduled Benefit (or approved amount, whichever applies) |
|---|---|
| Age 70 but less than age 75 | 65% |
| Age 75 and over | 45% |

#### Article 2 - Benefit Qualification

To qualify for benefit payment, all of the following must occur:

a.  the Member must be injured while insured for Member Accidental Death and Dismemberment Insurance under this Group Policy; and

b.  the injury must be through accidental means; and

c.  the injury must be the direct and sole cause of a loss listed in this Section B, Article 3; and

d.  the loss must occur within 365 days of the injury; and

e.  the limitations listed in this Section B, Article 9, must not apply; and

f.  claim requirements listed in this PART IV, Section D, must be satisfied; and

g.  all medical evidence must be satisfactory to The Principal.

### PART IV - BENEFITS

GC 6015 MORGection B - Member Accidental Death and Dismemberment
Insurance, Page 1

MIRANDA/PRINCIPAL
000147

EXHIBIT A                                                        42

**Article 3 - Benefits Payable**

If all of the benefit qualifications are met, The Principal will pay:

a.    100% of the Scheduled Benefit (or approved amount, if applicable) in force for loss of life; or

b.    50% of the Scheduled Benefit (or approved amount, if applicable) in force if one hand is severed at or above the wrist; or

c.    25% of the Scheduled Benefit (or approved amount, if applicable) in force for loss of thumb and index finger on the same hand; or

d.    50% of the Scheduled Benefit (or approved amount, if applicable) in force if one foot is severed at or above the ankle; or

e.    50% of the Scheduled Benefit (or approved amount, if applicable) in force if the sight of one eye is permanently lost (For this purpose, vision not correctable to better than 20/200 will be considered loss of sight.); or

f.    100% of the Scheduled Benefit (or approved amount, if applicable) in force for more than one of the losses listed in b., d., or e. above.

Total payment for all losses under this Article 3 that result from the same accident will not exceed the Scheduled Benefit (or approved amount). Payment for loss of life will be to the beneficiary named for Member Life Insurance. Payment will be subject to the Beneficiary, Facility of Payment and Settlement of Proceeds provisions of this PART IV, Section A. Payment for all other losses will be to the Member.

**Disappearance**

It will be presumed that a Member has lost his or her life if:

a.    the Member's body has not been found within 365 days after the disappearance of a conveyance in which the Member was an occupant at the time of disappearance; and

b.    the disappearance of the conveyance was due to its accidental wrecking or sinking; and

c.    the Group Policy would have covered the injury resulting from the accident.

**Exposure**

Exposure to the elements will be presumed to be an injury if:

<br>

**PART IV - BENEFITS**

GC 6015 MORGection B - Member Accidental Death and Dismemberment
Insurance, Page 2

MIRANDA/PRINCIPAL
000148

EXHIBIT A                                                    43

a.   such exposure is due to an accidental bodily injury; and

b.   within 365 days after the injury, the Member incurs a loss that is the result of the exposure; and

c.   the Group Policy would have covered the injury resulting from the accident.


## Article 4 - Seat Belt/Airbag Benefit

If the Member loses his or her life as a result of an accidental injury sustained while driving or riding in an Automobile, an additional benefit of $10,000 will be paid to the beneficiary named for Member Life Insurance, provided all Benefit Qualifications as described in Article 2 are met and:

a.   the Automobile is equipped with factory-installed Seat Belts; and

b.   the Seat Belt was in actual use by the Member and properly fastened at the time of the accident; and

c.   the position of the Seat Belt is certified in the official report of the accident or by the investigating officer.

This additional benefit payment will also apply if the Member was driving an Automobile equipped with a properly functioning driver-side air bag or riding as a passenger in an Automobile equipped with a properly functioning passenger-side air bag, although the Member's Seat Belt may not have been fastened at the time of the accident. The properly functioning and/or deployment of the air bag must be certified in the official report of the accident or by the investigating officer.

For the purpose of this benefit, "Automobile" means a four-wheel passenger vehicle, station wagon, pick-up truck, or van-type vehicle, but excludes recreational-type vehicles such as a "dune-buggy" or an "all-terrain" vehicle.

The term "Seat Belt" means a factory-installed device that forms an occupant restraint and injury avoidance system.


## Article 5 - Loss of Use or Paralysis Benefit

If a Member sustains an injury, and as a result of such injury, one or more of the covered losses listed below are incurred, The Principal will pay the following percentages of the Member's Scheduled Benefit (or approved amount, if applicable) in force, provided all Benefit Qualifications as described in Article 2 are met.


### PART IV - BENEFITS

**GC 6015 MORGection B - Member Accidental Death and Dismemberment**
**Insurance, Page 3**

MIRANDA/PRINCIPAL
000149

EXHIBIT A                                    44

|  | Covered Loss | % of Scheduled Benefit |
|---|---|---|
| **Loss of Use or Paralysis** |  |  |
|  | Quadriplegia | 100% |
|  | Paraplegia | 50% |
|  | Hemiplegia | 50% |
|  | Both Hands or Both Feet | 50% |
|  | One Hand and One Foot | 50% |
|  | One Arm or One Leg | 25% |
|  | One Hand or One Foot | 25% |

The Principal does not pay an Accidental Death and Dismemberment benefit for any paralysis caused by a stroke.

Paralysis must be determined by a Physician to be permanent, complete, and irreversible.

Total payment for all losses that result from the same accident will not exceed the Scheduled Benefit (or approved amount, if applicable). Payment for Loss will be to the Member.

For this benefit, the term "Loss of Use" means a total and irrevocable loss of voluntary movement, which has continued for 12 consecutive months. The term "Quadriplegia" means total paralysis of all four limbs. The term "Paraplegia" means total paralysis of both lower limbs. The term "Hemiplegia" means paralysis of one arm and one leg on the same side of the body.

### Article 6 - Loss of Speech and/or Hearing Benefit

If a Member sustains an injury, and as a result of such injury, one or more of the covered losses listed below are incurred, The Principal will pay the following percentages of the Member's Scheduled Benefit (or approved amount, if applicable) in force, provided all Benefit Qualifications as described in Article 2 are met.

|  | Covered Loss | % of Scheduled Benefit |
|---|---|---|
| **Loss of Speech and/or Hearing** |  |  |

### PART IV - BENEFITS

**GC 6015 MORGection B - Member Accidental Death and Dismemberment Insurance, Page 4**

MIRANDA/PRINCIPAL
000150

EXHIBIT A                                      45

| | |
|---|---|
| Speech and Hearing | 100% |
| Speech or Hearing | 50% |
| Hearing in One Ear | 25% |

Loss must be determined by a Physician to be permanent, complete, and irreversible.

Total payment for all losses that result from the same accident will not exceed the Scheduled Benefit (or approved amount, if applicable). Payment for Loss will be to the Member.

For this benefit, the term "Loss" means a total and irrevocable Loss of speech or hearing, which has continued for 12 consecutive months.

## Article 7 - Repatriation Benefit

If a benefit is paid under this Section B for loss of the Member's life and death occurred at least 100 miles away from the Member's permanent place of residence, all customary and reasonable expenses incurred for preparation of the body and its transportation to the place of burial or cremation will be paid up to a maximum benefit payment of $2,000.

## Article 8 - Educational Benefit

If a benefit is paid under this Section B for loss of the Member's life, an extra benefit of $3,000 will be paid annually for a maximum of four years to each Qualified Student. This annual benefit will be paid consecutively, while the Qualified Student continues his or her education as a Full-Time Student at an accredited post-secondary school.

For the purpose of this benefit, "Qualified Student" means a Dependent Child who is, at the time of the Member's death, a Full-Time Student at an accredited post-secondary school. A 12th grade student will become a Qualified Student if he or she enrolls in an accredited post-secondary school within 12 months of the Member's death.

## Article 9 - Limitations

Payment will not be made for any loss to which a contributing cause is:

a.    willful self-injury or self-destruction, while sane or insane; or

b.    disease, medical or surgical treatment of disease, or complications following the surgical treatment of disease; or

### PART IV - BENEFITS

**GC 6015 MORGGection B - Member Accidental Death and Dismemberment
Insurance, Page 5**

MIRANDA/PRINCIPAL
000151

EXHIBIT A                                              46

c.  voluntary participation in an assault, felony, criminal activity, insurrection, or riot; or

d.  participation in flying, ballooning, parachuting, parasailing, bungee jumping or other aeronautic activities, except as a passenger on a commercial aircraft or as a passenger in a Policyholder-owned or leased aircraft on company business; or

e.  duty as a member of a military organization; or

f.  war or act of war; or

g.  the use of alcohol if, at the time of the injury, the Member's alcohol concentration exceeds the legal limit allowed by the jurisdiction where the injury occurs; or

h.  the operation by the Member of a motor vehicle or motor boat if, at the time of the injury, the Member's alcohol concentration exceeds the legal limit allowed by the jurisdiction where the injury occurs; or

i.  the use of any drug, narcotic, or hallucinogen not prescribed for the Member by a licensed Physician.

**PART IV - BENEFITS**

**GC 6015 MORGection B - Member Accidental Death and Dismemberment Insurance, Page 6**

MIRANDA/PRINCIPAL 000152

EXHIBIT A                                        47

## Section D - Claim Procedures

### Article 1 - Notice of Claim

The Principal will acknowledge verbal or Written notice of claim within 15 calendar days of receipt unless payment is made within that time period.

### Article 2 - Claim Forms

The Principal, when it receives notice of claim, will provide claim forms, instructions, and reasonable assistance within 15 days calendar days of receipt of such notice.

### Article 3 - Proof of Loss

Written proof of loss must be sent to The Principal within 90 days after the date of the loss. Proof required includes the date, nature, and extent of the loss. The Principal may request additional information to substantiate loss or require a Signed unaltered authorization to obtain that information from the provider. Failure to comply with the request of The Principal could result in declination of the claim.

### Article 4 - Payment, Denial, and Review

Initial claims will be processed within 45 days from receipt of claim. If a claim cannot be processed due to incomplete information, The Principal will send a Written explanation prior to the expiration of the 45 days. The claimant is then allowed up to 45 days to provide all additional information requested. The Principal is permitted two 30-day extensions for processing an incomplete claim. Written notification will be sent to the claimant regarding the extension.

In actual practice, benefits under this Group Policy will be payable sooner, provided The Principal received complete and proper proof of loss. Further, if a claim is not payable or cannot be processed, The Principal will submit a detailed explanation of the basis for its denial.

A claimant may request an appeal of a claim denial by Written request to The Principal within 180 days of receipt of notice of the denial. The Principal will make a full and fair review of the claim. The Principal may require additional information to make the review. The Principal will notify the claimant in Writing of the appeal decision within 45 days after receipt of the appeal request. If the appeal cannot be processed within the 45-day period because The Principal did not receive the requested additional information, The Principal is

## PART IV - BENEFITS

GC 6018 CA MORO       Section D - Claim Procedures, Page 1

MIRANDA/PRINCIPAL
000153

EXHIBIT A

48

permitted a 45-day extension for the review. Written notification will be sent to the claimant regarding the extension. After exhaustion of the formal appeal process, the claimant may request an additional appeal. However, this appeal is voluntary and does not need to be filed before asserting rights to legal action.

For purposes of this section, "claimant" means Member, Dependent, or Beneficiary.

State law permits up to 40 days after receipt of proof of claim to determine if the claim will be paid or denied. If a determination cannot be made within 40 days, The Principal can request a 30-day extension in Writing prior to the end of the original 40 days, and every 30 days thereafter. (Exception: If there is a reasonable basis for The Principal to believe a claim is false or fraudulent, the 40-day limit is extended to 80 days.)

If it is determined that the claim will be paid, payment must be made within 30 days of (a) determination of coverage, or (b) execution of a settlement agreement.

If the claim is denied, in whole or in part, The Principal will notify the claimant in Writing of the basis for the denial. This denial notice will include an explanation of the policy provisions, condition, or exclusion relevant to the facts of the claim. The notice will also provide the address and telephone number of the unit of the California Department of Insurance the claimant should contact for review if he or she believes the claim has been wrongfully denied.

### Article 5 - Medical Examinations

The Principal may have the Member whose loss is the basis for claim, be examined by a Physician during the course of a claim. The Principal will pay for these examinations and will choose the Physician to perform them.

### Article 6 - Autopsy

If payment for loss of life is claimed, The Principal may require an autopsy. The Principal will pay for any such autopsy.

### Article 7 - Legal Action

Legal action to recover benefits under this Group Policy may not be started earlier than 90 days after required proof of loss has been filed and before the appeal procedures have been exhausted. Further, no legal action may be started later than three years after that proof is required to be filed.

### PART IV - BENEFITS

GC 6018 CA MORO        Section D - Claim Procedures, Page 2

MIRANDA/PRINCIPAL
000154

EXHIBIT A                                             49

**Article 8 - Time Limits**

Any time limits in this section will be adjusted as required by law.

**PART IV - BENEFITS**

GC 6018 CA MORO        Section D - Claim Procedures, Page 3

MIRANDA/PRINCIPAL
000155

EXHIBIT A

50

## POLICY NOTICE

California insurance law requires that each group policy include the telephone number of the insurance company issuing the policy in order for the persons to present inquiries, to obtain information about coverage, and to provide assistance in resolving complaints. Persons may call or write to:

> Principal Life Insurance Company
> 711 High Street
> Des Moines, Iowa 50392-0001
>
> Life claim-related inquiries:
> Attn: Group Claim - Life Info Line Services
> Telephone: 1-800-245-1522
>
> For administration-related inquiries:
> Attn: Group Call Center
> Telephone: 1-800-843-1371

Consumers should contact Principal Life Insurance Company, their agent, or other representative regarding complaints. If the policy or certificate was issued or delivered by an agent or broker, the insured must contact his or her agent or broker for assistance.

The California Department of Insurance should be contacted only after discussions with the insurer, or its agent or other representative, or both have failed to produce a satisfactory resolution to the problem.

Persons may call or write to:

> California Insurance Department
> Claims Services Bureau
> 11th Floor
> 300 South Spring Street
> Los Angeles, CA 90013
> Telephone:     1-800-927-HELP (In State)
>                1-213-897-8921 (Out of State)

This Notice is for the Policyholder's information only and does not become a part or condition of this Group Policy.

GC 803 CA                    POLICY NOTICE

MIRANDA/PRINCIPAL
000156

EXHIBIT A                                            51

This page left blank intentionally

EXHIBIT A

Principal Life Insurance Company
Des Moines, Iowa 50392-0002

MIRANDA/PRINCIPAL
000158

EXHIBIT A

53



Principal Life Insurance Company
Des Moines, Iowa 50392-0002

MIRANDA/PRINCIPAL
000159

EXHIBIT A

54

EXHIBIT B                                         55

**Principal** Financial Group

410

Amendment Form

**Amendment Info:**

| Acct # | PH Name: | | Seqn # |
|---|---|---|---|
| H51624 | Morongo Mission - Tribe Members only | | 15827 |

PG amendments are logged in under Unit 1. If additional units were used, please list:

☒ PG   ☐ RG   ☐ SRG

| For RG/SRG cases only: | ☒ Case Level | ☐ Case Level, Additional Acct: | ☐ Unit Level (list units): |
|---|---|---|---|

| Case Track # | 60780 | Effective Date 2-15-2008 | Date Received 4-24-2008 | Date Info Complete 4-24-2008 |
|---|---|---|---|---|

| Funding: | ☒ Insured | ☐ Minimum Premium | ☐ DLF | Worked By: bonnie perry | | Extn: | 59013 |
|---|---|---|---|---|---|---|---|

| Date Sent to/Released From CA/Pure Team: | sent to Sandra 4-24-2008 | Send Amendment to: | ☒ UW File (Return to UW) | ☐ Microfilm |
|---|---|---|---|---|

Large Case Life/DI:
Email Addresses:   Policyholder: avis_carter@morongo.org     Broker: mconway@alliantinsurance.com

**Amendment Description:**

Medical Product Options:
☐ Add Outpatient & Clinic Surgery subject to Cal Year Deductible & Coinsurance

Multiple Product Discount Options:
☐ Add Multiple Product Discount
☐ Remove Multiple Product Discount

☐ Change Rx Drugs in Plan #     (description follows/attached)

☐ 15% Growth/Shrink Amendment for Internal Purposes Only.

Effective 2-15-2008 making various plan changes to the Tribe Plan

we will need to change the pa date to show a 2-15 date

**Rate Information**

☐ No Change in Rates     ☐ Rates are Changing     Proposal Number:
☐ Update RTGT (Rate Guarantee Info)     ☐ Update RBHY (see attached screen print)

New Rates (complete only when rates are changing):

| Life/AD&D/Dep Life: Life (per $1,000): | LTD/STD: LTD (% of CME): | Dental/VDP: Member: | Vision: Member: | Medical: Member: | Medicare: Member: |
|---|---|---|---|---|---|
| AD&D (per $1,000): | STD (Per $10): | Spouse/Dependent: | Spouse/Dependent: | Spouse/Dependent: | Spouse/Dependent: |
| Dep Life (per Family) | ☐ LTD Step Rated – see attached | Family: | Family: | Family: | Family: |
| ☐ Supp or VT Life – see attached | ☐ STD Step Rated – see attached | Child: | Child: | Child: | Child: |
| Rate Guarantee: | Rate Guarantee: | Rate Guarantee: | | | |

Rating Method (only required when adding coverage):

| Life: | STD: | LTD: | Dental: | Vision: | Medical: | | Voluntary Coverages | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Coverage | If Eligible | Part % |
| ☐ Field UW | ☐ Field UW | ☐ Field UW | ☐ Manual | ☐ Manual | ☐ SOfI | LTD: | | |
| ☐ SOfI | ☐ SOfI | ☐ SOfI | | | ☐ RAQ | STD: | | |
| ☐ RAQ | ☐ RAQ | ☐ RAQ | | | ☐ Experience | Dental: | | |

S:\Group underwriting\~All\Forms\Amendment Form.doc
Last Updated: 5/11/2007

rec' 4/24/08     complete: 4/30/08

MIRANDA/PRINCIPAL
000184

EXHIBIT B

56

## Morongo Band of Missions Indians

**Tribe Members Only**
**H51624**

Attached is a summary of changes that will apply to the above case - I'll process this sheet along with an Amendment page also.

All Changes effective 2-15-2008:

1)      Remove AD&D Coverage

2)      Change the Basic Life Benefit from a flat $175,000 benefit to a Flat $475,000 benefit

3)      Remove all Age Reductions

4)      Change funding from a Fully Insured Non- Par case to a 100% Cost Plus with a max premium rate of $1.04 p/$1,000

5)      Due-to funding change; change pa date to a 2-15-08 date;  (I will then process another amendment to change the pa date back to a July 1)

6)      Change commissions from a Flat 13% to a Flat 10%

All Reserves set up under the Fully Insured plan will remain there

The Tribe is paid through Feb 2008 - which was all paid on a Fully Insured basis;  I will need to calculate the additional premium due for the month of Feb since its changed to CP funding 2-15

We will be completing an Adm Letter to cover a claim for Joseph Saubel

MIRANDA/PRINCIPAL
000185

EXHIBIT B                                          57

*Amendment*

# PART IV - BENEFITS

## Section A - Member Life Insurance

### Article 1 - Schedule of Insurance

Subject to the Effective Date provisions of PART III, Section B, and the qualifying provisions of this Section A, the Scheduled Benefit for an insured Member will be based on his or her class:

| Class | *Scheduled Benefit |
|---|---|
| ALL MEMBERS | *$475,000* |

However, if a Member has received any payments under the Accelerated Benefits provision as described in Section A, Article 6, the Scheduled Benefit will be reduced by the amount of such *payment.*

### *Article* 2 - Death Benefits Payable

If a Member dies while insured for Member Life Insurance under this Group Policy, The Principal will pay his or her beneficiary the Scheduled Benefit (or approved amount, if applicable) in force on the date of death; less any unpaid premium and less any Accelerated Benefit payment as described in PART IV, of this Section A, Article 6. However, if a beneficiary is suspected or charged with the Member's death, the Death Benefits Payable may be withheld until additional information has been received or the trial has been held.

If a Member who was insured dies within the 31-day individual purchase period described in PART III, Section F, The Principal will pay his or her beneficiary the individual policy amount, if any, the Member had the right to purchase.

No payment will be made before The Principal receives Written proof of the Member's death.

### Article 3 - Beneficiary

A beneficiary should be named at the time a Member applies or enrolls under this Group Policy. A Member may name or later change a named beneficiary by sending a Written request to the Policyholder. A change will not be effective until recorded by the Policyholder. Once recorded, the change will apply as of the date the request was Signed. If any benefit is properly paid by The Principal before a change request is received, that payment may not be contested. Further:

**PART IV - BENEFITS**

MIRANDA/PRINCIPAL
000110

GC 6013 MORO-*2*   Section A - Member Life Insurance, Page 1

EXHIBIT B

a. The naming of a new beneficiary in an application for individual purchase under PART III, Section F, Article 1, will be treated as a beneficiary change request under this Group Policy.

b. If a Member's terminated insurance is reinstated, his or her beneficiary will be as recorded on the date of termination.

If a Member is insured under this Group Policy on its Date of Issue and this insurance replaces insurance in force on the day immediately before the Date of Issue, the beneficiary named in such replaced insurance and recorded by the Policyholder or The Principal will be the beneficiary under this Group Policy until a new beneficiary is named.

**Article 4 - Facility of Payment**

If any of the below occur, benefits will be paid as stated. All such payments will discharge The Principal to the full extent of those payments.

a. If a beneficiary is found guilty of the Member's death, such beneficiary may be disqualified from receiving any benefit due. Payment may then be made to any contingent beneficiary or to the executor or administrator of the Member's estate.

b. Any benefit due a beneficiary who dies before the Member's death will be paid in equal shares to the Member's surviving beneficiaries.

c. If a beneficiary dies at the same time or within 15 days after the Member dies, but before The Principal receives Written proof of the Member's death, payment will be made as if the Member survived the beneficiary.

d. If no beneficiary survives the Member or if the Member has not named a beneficiary, payment will be made in the following order of precedence as numbered:

   (1) *to the Morongo Band of Mission Indians;*
   (2) to the Member's spouse or Domestic Partner;
   (3) to the Member's children born to or legally adopted by the Member;
   (4) to the Member's Domestic Partner's children born or legally adopted by the Member's Domestic Partner;

   (5) to the Member's parents;
   (6) to the Member's brothers and sisters; or
   (7) if none of the above, to the executor or administrator of the Member's estate.

**PART IV - BENEFITS**

GC 6013 MORO-2       **Section A - Member Life Insurance, Page 1**

MIRANDA/PRINCIPAL
000111

e.    If The Principal believes a person is not legally able to give a valid receipt, as determined by The Principal, for a payment, and no guardian has been appointed, The Principal may pay whoever has assumed the care and support of the person.

**Article 5 - Settlement of Proceeds**

When The Principal receives Written proof of the Member's death, the Scheduled Benefit in force for the Member, less any unpaid premium, will be placed in an interest-bearing draft account, unless a lump sum or other settlement option has been elected. With the interest-bearing draft account, the balance will be available to the beneficiary at any time, in total or in part, subject to the following terms:

a.    withdrawals must be made by draft furnished by The Principal; and

b.    the draft amount must be at least $500 or more and may not exceed the account balance; and

c.    if the account balance falls below $500, the balance will be paid to the beneficiary in a lump sum and the account closed; and

d.    the account cannot be assigned or used as collateral.

The Interest Draft Account will not be available if the Scheduled Benefit amount payable is $5,000 or less; or if the beneficiary is anything other than a natural person. In these instances, a lump sum payment will be made.

In the event the Interest Draft Account is not available or otherwise does not apply, The Principal reserves the right to make payment of proceeds according to other settlement options if agreed to, in Writing, by The Principal.

Payment of benefits will be subject to the Beneficiary and Facility of Payment provisions of this PART IV, Section A.

**Article 6 - Accelerated Benefits**

a.    **Accelerated Benefits Qualification**

To be qualified for an Accelerated Benefit payment, a Member must:

(1)    be Terminally Ill and insured for a Member Life Insurance benefit of at least $10,000; and
(2)    send a request for Accelerated Benefit payment to The Principal; and
(3)    provide proof satisfactory to The Principal that he or she is Terminally Ill.

**PART IV - BENEFITS**

GC 6013 MORO-2            Section A - Member Life Insurance, Page 2

MIRANDA/PRINCIPAL
000112

EXHIBIT B                                          60

b. **Proof of Terminal Illness**

Proof that a Member is Terminally Ill will consist of:

(1)  a statement from the Member's Physician; and
(2)  any other medical information that The Principal believes necessary to confirm the Member's status.

c. **Benefit Payable**

The Principal will pay a Member who is qualified for Accelerated Benefits whatever amount he or she requests; except that:

(1)  only one Accelerated Benefit payment will be made during the Member's lifetime; and
(2)  the amount requested must be at least $5,000; and
(3)  in no event will payment exceed the lesser of:

   -   75% of the Member Life Insurance benefit in force on the date of the request; or
   -   $500,000.

The Accelerated Benefit payment will be made in a lump sum.

d. **Effect on Member Life Insurance Benefits**

If an Accelerated Benefit is paid, the Member Life Insurance Benefit otherwise payable upon the Member's death will be reduced by the sum of the Accelerated Benefit payment.

e. **Premium Waiver Period**

A premium waiver period will be established on the date The Principal pays an Accelerated Benefit to a Member. This period will end on the earlier of the Member's death or the date two years after the date of the Accelerated Benefit.

During a premium waiver period there will be no Member Life Insurance and Member Accidental Death and Dismemberment Insurance premium charge for the Member.

**PART IV - BENEFITS**

GC 6013 MORO-*2*          **Section A - Member Life Insurance, Page 3**

MIRANDA/PRINCIPAL
000113

EXHIBIT B

EXHIBIT C                                                        62

CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

## RIVERSIDE, CALIFORNIA

### CERTIFICATE OF DEATH

3201033005804

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | ANTONIO |
| 3. LAST (Family) | MIRANDA JR |
| MOTZ-- | |
| 4. DATE OF BIRTH | 07/05/1948 |
| 5. AGE YRS | 61 |
| SEX | M |
| 7. BIRTH STATE/FOREIGN COUNTRY | CA |
| 8. SOCIAL SECURITY NUMBER | 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 |
| MARRIED | |
| DATE OF DEATH | 06/07/2010 |
| HOUR | 0130 |
| EDUCATION | 10 |
| AMERICAN INDIAN, MORONGO | |
| USUAL OCCUPATION | MAINTENANCE WORKER |
| KIND OF BUSINESS | MAINTENANCE |
| YEARS IN OCCUPATION | 15 |
| RESIDENCE | 12105 MORONGO RD |
| CITY | BANNING |
| COUNTY/PROVINCE | RIVERSIDE |
| ZIP | 92220 |
| YEARS IN COUNTY | 61 |
| STATE/FOREIGN COUNTRY | CA |
| INFORMANT'S NAME, RELATIONSHIP | FRANCES MIRANDA, WIFE |
| INFORMANT ADDRESS | 12105 MORONGO RD, BANNING, CA 92220 |
| NAME OF SURVIVING SPOUSE—FIRST | FRANCES |
| MIDDLE | CONCEPTION |
| LAST BIRTH NAME | CONDE |
| NAME OF FATHER—FIRST | TONY |
| MIDDLE | G |
| LAST | CONDE |
| BIRTH STATE | UNK |
| NAME OF MOTHER—FIRST | MANIEVA |
| MIDDLE | |
| LAST BIRTH NAME | LINTON |
| BIRTH STATE | UNK |
| DISPOSITION DATE | 06/12/2010 |
| PLACE OF FINAL DISPOSITION | TRIBAL CEMETERY, 48280 CHINO RD, MORONGO INDIAN RESERVATION, BANNING, CA 92220 |
| TYPE OF DISPOSITION | BU |
| EMBALMER | TODD RUTHERFORD |
| LICENSE NUMBER | EMB88386 |
| NAME OF FUNERAL ESTABLISHMENT | WIEFELS AND SON/BANNING |
| LICENSE NUMBER | FD112 |
| SIGNATURE OF LOCAL REGISTRAR | ERIC K. FRYKMAN, M.D. |
| DATE | 06/09/2010 |
| PLACE OF DEATH | RESIDENCE |
| COUNTY | RIVERSIDE |
| LOCATION WHERE FOUND | 13565 APACHE TRAIL |
| CITY | CABAZON |
| CAUSE OF DEATH | PENDING |
| CASE NUMBER | 2010-04489 |

CORONER REFERRED: YES / NO
AUTOPSY PERFORMED: YES / NO

17. SIGNATURE OF CORONER / DEPUTY CORONER: ROSIE R LASTER
DATE: 06/09/2010
ROSIE R LASTER, DEPUTY CORONER

*010001001910255*

---

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } .ss
COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

DATE ISSUED **Aug 3, 2010**

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

000877148

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT C

MIRANDA/PRINCIPAL
000042   63

## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

### RIVERSIDE, CALIFORNIA

#### AFFIDAVIT TO AMEND A RECORD
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER

3201033005804

LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH    ☒ DEATH    ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY -- THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

**PART I      INFORMATION TO LOCATE RECORD**

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME — FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|
| ANTONIO | | MIRANDA JR |

| 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| M | 06/07/2010 | CABAZON | RIVERSIDE |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| TONY G CONDE | MANIEVA - LINTON |

**PART II      STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD**

LIST ONE ITEM PER LINE

| 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 33 | CONDE | MIRANDA |

REASON FOR CORRECTION

" TO CORRECT DEATH RECORD

2 OF 3

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

AFFIDAVITS AND SIGNATURES

TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD

| 11A. SIGNATURE OF FIRST PERSON | 11B. PRINTED NAME | 11C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| VIVIAN GRAY | VIVIAN GRAY | FUNERAL HOME STAFF LEVEL 1 |

| 11D. ADDRESS (STREET and HOUSE NUMBER, CITY, STATE, ZIP) | 11E. DATE SIGNED—MM/DD/CCYY |
|---|---|
| 60 E NICOLET ST, BANNING, CA 92220 | 06/24/2010 |

| 12A. SIGNATURE OF SECOND PERSON | 12B. PRINTED NAME | 12C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| TODD RUTHERFORD | TODD RUTHERFORD | FUNERAL HOME STAFF LEVEL 1 |

| 12D. ADDRESS (STREET and HOUSE NUMBER, CITY, STATE, ZIP) | 12E. DATE SIGNED—MM/DD/CCYY |
|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | 06/24/2010 |

STATE/LOCAL REGISTRAR USE ONLY

| 13. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 14. DATE ACCEPTED FOR REGISTRATION |
|---|---|
| ERIC K. FRYKMAN, M.D. | 06/24/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

*020010015335*

FORM VS 24e (REV. 1/08)

1.1

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } ss
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0 0 0 8 7 7 1 4 9

DATE ISSUED    Aug 3, 2010

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT C

MIRANDA/PRINCIPAL
000043 64

CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

## RIVERSIDE, CALIFORNIA

### PHYSICIAN/CORONER'S AMENDMENT

NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

3201033005804

STATE FILE NUMBER    21    LOCAL REGISTRATION NUMBER

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY. THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

### PART I — INFORMATION TO LOCATE RECORD

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST | 1. SEX |
|---|---|---|---|---|
| | ANTONIO | | MIRANDA JR | M |

| | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| | 06/07/2010 | CABAZON | RIVERSIDE |

### PART II — STATEMENT OF CORRECTIONS

| LIST ONE ITEM PER LINE | 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|---|
| | 107A | PENDING | HYPERTENSIVE AND ATHEROSCLEROTIC CARDIOVASCULAR DISEASE |
| | 107AT | | YEARS |
| | 112 | | DIABETES MELLITUS |
| | 113 | | NO |
| | 119 | PENDING INVESTIGATION | NATURAL |

MIRANDA/PRINCIPAL
000044

3 OF 3

### DECLARATION OF CERTIFYING PHYSICIAN OR CORONER

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGNED—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER |
|---|---|---|
| MICHAEL D OARE | 07/09/2010 | DEPUTY CORONER |

| 12. ADDRESS—STREET AND NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
|---|---|---|---|
| 800 SOUTH REDLANDS AVE | PERRIS | CA | 92570 |

### STATE/LOCAL REGISTRAR USE ONLY

| 16. OFFICE OF STATE REGISTRAR OR LOCAL REGISTRAR | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|
| ERIC K. ERYKMAN, M.D. | 07/12/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS    *003201001544351*    FORM VS 24AA (REV. 1/04)

21

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA   } SS.
COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

**Aug 3, 2010**

Eric Frykman, M.D., Local Registrar
Riverside County, California

DATE ISSUED _____

000 8 7 7 1 5 0

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT C                                                65

EXHIBIT D                                                          66

10/14/2010   08:34    9519220321              MORONGO HR                        PAGE  03/07

# KARSHMER & ASSOCIATES (P.C.)

ATTORNEYS AT LAW

2150 SHATTUCK AVENUE, SUITE 725
BERKELEY, CALIFORNIA 94704
PHONE: (510) 841-5056
FAX: (510) 841-6197
E-MAIL: LAWYERS@KARSHMERINDIANLAW.COM

BARBARA KARSHMER * (CA)
STEPHEN V. QUESENBERRY (CA)
MARK ST. ANGELO (CA)
DAVID A. CLIFFORD (CA)
SARA DUTSCHKE SETSHWAELO (CA)

*A PROFESSIONAL CORPORATION

Confidential and Privileged
Attorney-Client Communication
Attorney Work Product

## MEMORANDUM

TO:        Marcia Heredia

FROM:      David Clifford

DATE:      September 2, 2010

RE:        Tribal Life Insurance Proceeds: Determination of Beneficiaries of Antonio Miranda

You have requested that our office determine which individuals should be designated as the life insurance beneficiaries of Antonio Miranda ("Mr. Miranda"). On August 10, 2004, the Tribal Council passed Resolution #081004-12, which adopted California's inheritance rules to determine life insurance beneficiaries when a tribal member dies without having designated a beneficiary ("Succession Rules"). Mr. Miranda died without having designated a beneficiary and, therefore, a determination of his beneficiaries must be made in accordance with Resolution #081004-12.

### I.    Identification of Possible Heirs/Beneficiaries

Morongo staff researched the potential living heirs of Mr. Miranda. Based upon its research, Morongo Staff has determined that Mr. Miranda has no surviving parents but has left a surviving spouse, Frances Miranda. In addition, according to Morongo staff, Mr. Miranda is reportedly survived by four biological children—Tony Miranda, Shane Miranda, Shannon Miranda, and another son who goes by the nickname of Dude ("Dude" Miranda). We have been informed that Morongo Staff has been unable to identify any other potential living heirs of Mr. Miranda.

### II.    Application of Succession Rules

The Succession Rules, as provided for in Resolution #081004-12, set forth the priority of potential beneficiaries. First, in accordance with the Succession Rules, we must determine whether a beneficiary has a surviving spouse. In the present case, Morongo Staff has reported that Mr. Miranda did leave a surviving spouse, Frances Miranda. Consequently, in accordance with the Succession Rules, Frances Miranda will receive a share of the death benefit. However, if Mr. Miranda leaves any

MIRANDA/PRINCIPAL
000040

10/14/2010   08:54    9915220321                     MORONGO HR                        PAGE   04/07

Marcia Heredia                                              Confidential and Privileged
Memo Re: Beneficiaries of Antonio Miranda                  Attorney-Client Communication
September 2, 2010                                           Attorney Work Product
Page 2

surviving children his children will receive a share of the death benefit as well. In this case, Mr. Miranda has four surviving children. Under the Succession Rules, the spouse, Frances Miranda, receives one-third (1/3) of the death benefit because Mr. Miranda has more than one surviving child.[1] Mr. Miranda's surviving children each receive an equal share of the remaining two-thirds (2/3).[2] Thus, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda should each receive one-fourth (¼) of two-thirds (2/3) of the death benefit, which is equivalent to one-sixth (1/6) of the entire death benefit.

### III.    Notification to Beneficiaries and Appeals Procedure

Under the procedures previously followed by Morongo, the Program Administrator is charged with making the initial determination of beneficiaries pursuant to the Succession Rules. I have been informed by Sandra Plunk that you are the Program Administrator. Consequently, you should attempt to notify Frances Miranda, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda of the determination of beneficiaries under the Succession Rules. In addition, you have stated that there are no other living heirs or relatives.

I have also been informed that you have had difficulty locating the children of Mr. Miranda. Usually, I would attach a form letter for Mr. Miranda's beneficiaries that would inform any beneficiaries that they may appeal the benefits determination to the Tribal Council within thirty (30) days of receipt of the form letter. However, since you do not know the whereabouts of the beneficiaries, Morongo will need to ascertain their whereabouts before any such letter can be sent. Given the lack of contact between Mr. Miranda and his beneficiaries, it also is possible that one of Mr. Miranda's children could have predeceased Mr. Miranda. If this were the case, then the benefits analysis would need to be done again to identify Mr. Miranda's living beneficiaries along with their appropriate shares.

---

[1] See CAL. PROB. CODE §6401 made applicable by Resolution #081004-12
[2] See CAL. PROB. CODE §6402 made applicable by Resolution #081004-12
18289

KARSHMER & ASSOCIATES (P.C.)

MIRANDA/PRINCIPAL
000041

EXHIBIT E                                    69

Incoming message                                                                    Page 1 of 1

**Thompson, Brenda**

| | |
|---|---|
| **From:** | Faxination [IMCEAFAX-UTF8-FAX-GW2-Drop@Principal.com] |
| **Sent:** | Thursday, October 14, 2010 10:22 AM |
| **To:** | FAX L&D New |
| **Subject:** | Fax received (7p) from:'9519220321' on FAX ID:44831 |
| **Attachments:** | 001A76F6000.tif |

# Incoming fax

## fenestrae
### EXTEND YOUR REACH™

Description
Fax received (7p) from:'9519220321' on FAX ID:44831

Explanation:        Sent to:'44831' CSID:9519220321 (0)

| | |
|---|---|
| Received at: | 10/14/2010 10:21:54 AM |
| Items received: | 7 |
| Duration: | 253 seconds |
| Transmission speed: | 14400 baud |
| Job reference: | 001A76F6 |
| Gateway ID: | 22 |

12/16/2010

EXHIBIT E

MIRANDA/PRINCIPAL
000037
70

10/14/2010  08:34   9519220321                    MURUNGU HR                        PAGE  01/07

**Principal**
*Financial
Group*

Administered by
Principal Life Insurance Company
Des Moines, Iowa 50392-0002
Toll free Nationwide 1-800-245-1522
Toll free FAX 1-800-255-6609

| Life Claim Information

## Part I: Information about the Group Planholder

Member's name
Antonio Miranda                                          Member's I.D.  N/A

If dependent death, name  N/A                            Relationship to member  N/A

Member's job title  N/A    Member's classification in policy  Tribal Member    Salary $ N/A    Effective date of salary  N/A

Effective date of member's coverage  N/A    Date member began employment  N/A    Number of hours worked per week  N/A    Date member was last actively at work  N/A

Reason member ceased active work.
☐ death   ☐ retired   ☐ illness or injury   ☐ terminated   ☒ other (explain)  Tribal Member

Were premiums paid through date of death?  ☒ yes   ☐ no

If dependent claim, was member working at the time of death?   ☐ yes   ☐ no

If no, what was the date last worked? _____

Did the member name more than one beneficiary?  ☒ yes   ☐ no  If yes, are all claim forms attached?  ☐ yes  ☒ no

Amount of benefit claimed
$  Please refer to paragraph II - 1/3 of benefit amount
Policy number  HS11624   Unit/division number

Employer name
Morongo Band of Mission Indians                          Date

Signature of planholder  ▶ Maria Buedia    Title  HR

If we have questions, your phone number is  951 755 5185    FAX number  951 755 5187

## Part II: Information about the Deceased and Beneficiary

Deceased's name  Antonio Miranda Jr.

Address – street  12105 Morongo Rd    City  Banning    State  CA    ZIP  92220

Date of birth  1.5.48    Date of death  6.7.10    Social security number  512 74 7588

Are you making claim to any accidental death/personal loss benefit provided by the policy?  ☐ yes   ☒ no
If yes, please send us any newspaper articles, accident reports, or other documentation that would provide us with information about the death.

Was member (dependent) insured under any other policies with other companies?  ☐ yes   ☒ no

If yes, give name of company and amount of insurance: _____

Did member (dependent) have other coverage with Principal Life?  ☐ GUL   ☐ Individual   ☐ Group   ☐ Pension

Your name (beneficiary)  Frances C Miranda    Date of birth  6-25-58

Your address – street  PO BOX 137    City  Cabazon    State  Calif    ZIP  92230

Your phone number – home  951-922 8850    Your phone number - work

You are making claim to: ☐ all of the proceeds on the deceased's claim.
☒ only the portion due me as one of the beneficiaries of the member.

Your relationship to member: ☒ spouse   ☐ child   ☐ other (explain) _____

GP 28653-19                        Page 2 of 5                        02/2006

MIRANDA/PRINCIPAL
000038

EXHIBIT E                                                              71

10/14/2010 08:34 9519220321 MORONGO HR PAGE 02/07

## III. Settlement Information

Interest Draft Account – This account is like a checking account which earns interest. You can write personal drafts in the amount of $500 or more. Your money earns interest until your draft clears and is fully guaranteed by Principal Life. You name a beneficiary to any benefits remaining in the account in the event of your death. You also have the right to transfer funds to other options or purchase other products available from Principal Financial Group. You will receive shortly a packet of information regarding the Interest Draft Account. Included in this packet will be a Beneficiary Designation Form.

### Request for Taxpayor's Social Security Number or Tax Identification and Certification.

If the social security number or tax identification number of the beneficiary is not supplied, the beneficiary may be subject to federal and state tax withholding. I have provided the appropriate social security or tax identification number below:

☑ The benefits are being claimed by me as a beneficiary. My social security number is   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

☐ The benefits are being claimed by the legal guardian of a minor/incompetent person's estate.

The minor/incompetent person's social security number is _____

☐ The benefits are being claimed by a trustee of a trust or a personal representative of an estate.

The tax identification number for the trust or estate is _____

The information provided by me on this claim form is true and complete to the best of my knowledge. Under penalty of perjury I certify that the social security number or tax identification number supplied on this form is true, correct, and complete.

| Date | Signature of beneficiary |
|------|--------------------------|
| 9-3-10 | ▶ Frances C Miranda |

(Please make sure you sign form as your name appears on your social security card.)

### Certification of Foreign Status (For Foreign Entities Only)

Under penalties of perjury, I certify that for interest payments, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

U.S. taxpayer's identification number (if any)      Country of citizenship

☐ SSN ☐ ITIN ☐ EIN

Permanent address

| Date | Signature |
|------|-----------|
|      | ▶ |

MIRANDA/PRINCIPAL
000039

EXHIBIT E      72

10/14/2010   08:34    9519220321          MORONGO HR                    PAGE  03/07

# KARSHMER & ASSOCIATES P.C.

**ATTORNEYS AT LAW**

2150 SHATTUCK AVENUE, SUITE 725
BERKELEY, CALIFORNIA 94704
PHONE: (510) 841-5056
FAX: (510) 841-6167
E-MAIL: LAWYERS@KARSHMERINDIANLAW.COM

BARBARA KARSHMER * (CA)
STEPHEN V. QUESENBERRY (CA)
MARK ST. ANGELO (CA)
DAVID A. CLIFFORD (CA)
SARA DUTSCHKE SETSHWAELO (CA)

*A PROFESSIONAL CORPORATION

**Confidential and Privileged**
**Attorney-Client Communication**
**Attorney Work Product**

## MEMORANDUM

TO:        Marcia Heredia

FROM:    David Clifford

DATE:    September 2, 2010

RE:        Tribal Life Insurance Proceeds: Determination of Beneficiaries of Antonio Miranda

You have requested that our office determine which individuals should be designated as the life insurance beneficiaries of Antonio Miranda ("Mr. Miranda"). On August 10, 2004, the Tribal Council passed Resolution #081004-12, which adopted California's inheritance rules to determine life insurance beneficiaries when a tribal member dies without having designated a beneficiary ("Succession Rules"). Mr. Miranda died without having designated a beneficiary and, therefore, a determination of his beneficiaries must be made in accordance with Resolution #081004-12.

### I.        Identification of Possible Heirs/Beneficiaries

Morongo staff researched the potential living heirs of Mr. Miranda. Based upon its research, Morongo Staff has determined that Mr. Miranda has no surviving parents but has left a surviving spouse, Frances Miranda. In addition, according to Morongo staff, Mr. Miranda is reportedly survived by four biological children—Tony Miranda, Shane Miranda, Shannon Miranda, and another son who goes by the nickname of Dude ("Dude" Miranda). We have been informed that Morongo Staff has been unable to identify any other potential living heirs of Mr. Miranda.

### II.        Application of Succession Rules

The Succession Rules, as provided for in Resolution #081004-12, set forth the priority of potential beneficiaries. First, in accordance with the Succession Rules, we must determine whether a beneficiary has a surviving spouse. In the present case, Morongo Staff has reported that Mr. Miranda did leave a surviving spouse, Frances Miranda. Consequently, in accordance with the Succession Rules, Frances Miranda will receive a share of the death benefit. However, if Mr. Miranda leaves any

MIRANDA/PRINCIPAL
000040

10/14/2010   08:34    9019228321                    MORONGO HR                              PAGE  04/07

Marcia Heredia                                          **Confidential and Privileged**
Memo Re: Beneficiaries of Antonio Miranda              **Attorney-Client Communication**
September 2, 2010                                        **Attorney Work Product**
Page 2

---

surviving children his children will receive a share of the death benefit as well. In this case, Mr. Miranda has four surviving children. Under the Succession Rules, the spouse, Frances Miranda, receives one-third (1/3) of the death benefit because Mr. Miranda has more than one surviving child.[1] Mr. Miranda's surviving children each receive an equal share of the remaining two-thirds (2/3).[2] Thus, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda should each receive one-fourth (1/4) of two-thirds (2/3) of the death benefit, which is equivalent to one-sixth (1/6) of the entire death benefit.

### III.    Notification to Beneficiaries and Appeals Procedure

Under the procedures previously followed by Morongo, the Program Administrator is charged with making the initial determination of beneficiaries pursuant to the Succession Rules. I have been informed by Sandra Plunk that you are the Program Administrator. Consequently, you should attempt to notify Frances Miranda, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda of the determination of beneficiaries under the Succession Rules. In addition, you have stated that there are no other living heirs or relatives.

I have also been informed that you have had difficulty locating the children of Mr. Miranda. Usually, I would attach a form letter for Mr. Miranda's beneficiaries that would inform any beneficiaries that they may appeal the benefits determination to the Tribal Council within thirty (30) days of receipt of the form letter. However, since you do not know the whereabouts of the beneficiaries, Morongo will need to ascertain their whereabouts before any such letter can be sent. Given the lack of contact between Mr. Miranda and his beneficiaries, it also is possible that one of Mr. Miranda's children could have predeceased Mr. Miranda. If this were the case, then the benefits analysis would need to be done again to identify Mr. Miranda's living beneficiaries along with their appropriate shares.

---

[1] *See* CAL. PROB. CODE §6401 made applicable by Resolution #081004-12
[2] *See* CAL. PROB. CODE §6402 made applicable by Resolution #081004-12
18289

KARSHMER & ASSOCIATES (P.C.)

MIRANDA/PRINCIPAL
000041

EXHIBIT E

# CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

RIVERSIDE, CALIFORNIA

CERTIFICATE OF DEATH

3201033005804

LOCAL REGISTRATION NUMBER

| Field | Value |
|---|---|
| NAME OF DECEDENT-FIRST | ANTONIO |
| LAST | MIRANDA JR |
| | MOTZ -- |
| DATE OF BIRTH | 07/05/1948 |
| AGE | 61 |
| SEX | M |
| STATE OF BIRTH | CA |
| SOCIAL SECURITY NUMBER | 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 |
| MARITAL STATUS | MARRIED |
| DATE OF DEATH | 06/07/2010 |
| HOUR | 0130 |
| RACE | AMERICAN INDIAN, MORONGO |
| USUAL OCCUPATION | MAINTENANCE WORKER |
| KIND OF BUSINESS | MAINTENANCE |
| YEARS IN OCCUPATION | 15 |

RESIDENCE: 12105 MORONGO RD

| CITY | COUNTY | ZIP CODE | YEARS IN COUNTY | STATE/COUNTRY |
|---|---|---|---|---|
| BANNING | RIVERSIDE | 92220 | 61 | CA |

INFORMANT: FRANCES MIRANDA, WIFE — 12105 MORONGO RD, BANNING, CA 92220

| NAME OF FATHER-FIRST | MIDDLE | LAST |
|---|---|---|
| FRANCES | CONCEPTION | CONDE |
| TONY | G | CONDE | BIRTH STATE UNK |
| NAME OF MOTHER-FIRST | MIDDLE | LAST |
| MANIEVA | | LINTON | BIRTH STATE UNK |

DISPOSITION DATE: 06/12/2010 — PLACE OF FINAL DISPOSITION: TRIBAL CEMETERY
48280 CHINO RD, MORONGO INDIAN RESERVATION, BANNING, CA 92220

| TYPE OF DISPOSITION | BU | PERSONAL OF EMBALMER | TODD RUTHERFORD | LICENSE NUMBER | EMB8395 |
|---|---|---|---|---|---|
| NAME OF FUNERAL ESTABLISHMENT | WIEFELS AND SON/BANNING | LICENSE NUMBER | FD112 | SIGNATURE OF LOCAL REGISTRAR | ERIC K. FRYKMAN, M.D. | DATE | 06/09/2010 |

PLACE OF DEATH: RESIDENCE

| COUNTY | RIVERSIDE | FACILITY ADDRESS | 13565 APACHE TRAIL | CITY | CABAZON |
|---|---|---|---|---|---|

IMMEDIATE CAUSE: PENDING

CORONER'S CASE: 2010-04469

BIOPSY PERFORMED: NO

AUTOPSY PERFORMED: YES

USED IN DETERMINING CAUSE: YES

/OF3

| SIGNATURE OF CORONER / DEPUTY CORONER | DATE | TYPED NAME, TITLE OF CORONER |
|---|---|---|
| ROSIE R LASTER | 06/09/2010 | ROSIE R LASTER, DEPUTY CORONER |

'010011003610265'

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

DATE ISSUED Aug 3, 2010

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0 0 0 8 7 7 1 4 8

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT E

MIRANDA/PRINCIPAL
000042   75

## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

#### AFFIDAVIT TO AMEND A RECORD
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER: 1.1

3201033005804
LOCAL REGISTRATION NUMBER

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

### PART I   INFORMATION TO LOCATE RECORD

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|
| ANTONIO | | MIRANDA JR |

| 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| M | 06/07/2010 | CABAZON | RIVERSIDE |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| TONY G CONDE | MANIEVA - LINTON |

### PART II   STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD

LIST ONE ITEM PER LINE

| 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 33 | CONDE | MIRANDA |

REASON FOR CORRECTION

" TO CORRECT DEATH RECORD

20F3

AFFIDAVITS AND SIGNATURES

TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| 12A. SIGNATURE OF FIRST PERSON | 12B. PRINTED NAME | 12C. THIS/HER RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ► VIVIAN GRAY | VIVIAN GRAY | FUNERAL HOME STAFF LEVEL 1 |

| 12D. ADDRESS (STREET AND NUMBER, CITY, STATE, ZIP) | 12E. DATE SIGNED—MM/DD/CCYY |
|---|---|
| 60 E NICOLET ST, BANNING, CA 92220 | 06/24/2010 |

| 13A. SIGNATURE OF SECOND PERSON | 13B. PRINTED NAME | 13C. THIS/HER RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ► TODD RUTHERFORD | TODD RUTHERFORD | FUNERAL HOME STAFF LEVEL 1 |

| 13D. ADDRESS (STREET AND NUMBER, CITY, STATE, ZIP) | 13E. DATE SIGNED—MM/DD/CCYY |
|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | 06/24/2010 |

STATE/LOCAL REGISTRAR USE ONLY

| 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 14. DATE ACCEPTED FOR REGISTRATION |
|---|---|
| ► ERIC K. FRYKMAN, M.D. | 06/24/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

*0281H0110334635*

FORM VS 24c (REV. 1/08)
1.1

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } ss
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside. Department of Health.

0 0 0 8 7 7 1 4 9

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

DATE ISSUED  **Aug 3, 2010**

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

**PHYSICIAN/CORONER'S AMENDMENT**
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

3201033005804

STATE FILE NUMBER: 21

LOCAL REGISTRATION NUMBER

☐ BIRTH  ☒ DEATH  ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY. THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

### PART I — INFORMATION TO LOCATE RECORD

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST | 2. SEX |
|---|---|---|---|
| ANTONIO | | MIRANDA JR | M |

| 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|
| 06/07/2010 | CABAZON | RIVERSIDE |

### PART II — STATEMENT OF CORRECTIONS

LIST ONE ITEM PER LINE

| F. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | PENDING | HYPERTENSIVE AND ATHEROSCLEROTIC CARDIOVASCULAR DISEASE |
| 107AT | | YEARS |
| 112 | | DIABETES MELLITUS |
| 113 | | NO |
| 118 | PENDING INVESTIGATION | NATURAL |

MIRANDA/PRINCIPAL
000044

30F3

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DECLARATION OF CERTIFYING PHYSICIAN OR CORONER

| 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGNED—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE/LICENSE OF CERTIFIER |
|---|---|---|
| MICHAEL D OARE | 07/09/2010 | DEPUTY CORONER |

| 12. ADDRESS—STREET AND NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
|---|---|---|---|
| 800 SOUTH REDLANDS AVE | PERRIS | CA | 92570 |

STATE/LOCAL REGISTRAR USE ONLY

| 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|---|
| ERIC K. FRYKMAN, M.D. | | 07/12/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24AA (REV. 1/08)

21

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS.

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

DATE ISSUED **Aug 3, 2010**

000877150

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT F                                                                                   78

Incoming message

**Thompson, Brenda**

| | |
|---|---|
| **From:** | Faxination [IMCEAFAX-UTF8-FAX-GW1-Drop@principal.com] |
| **Sent:** | Thursday, October 28, 2010 10:21 AM |
| **To:** | FAX L&D New |
| **Subject:** | Fax received (7p) from:'9519220321' on FAX ID:44831 |
| **Attachments:** | 00340262000.tif |

` Page 1 of 1`

# Incoming fax

**fenestrae**
EXTEND YOUR REACH"

Description
Fax received (7p) from:'9519220321' on FAX ID:44831

Explanation:        Sent to:'44831' CSID:9519220321 (0)

| | |
|---|---|
| Received at: | 10/28/2010 10:21:05 AM |
| Items received: | 7 |
| Duration: | 243 seconds |
| Transmission speed: | 14400 baud |
| Job reference: | 00340262 |
| Gateway ID: | 11 |

12/16/2010

EXHIBIT F

MIRANDA/PRINCIPAL
000026



**Principal** *Financial Group*

Administered by
Principal Life Insurance Company
Des Moines, Iowa 50392-0002
Toll free Nationwide 1-800-245-1522
Toll free FAX 1-800-255-6609

| *Life Claim Information*

### Part I: Information about the Group Planholder

Member's name: Antonio Miranda

Member's I.D.: N/A

If dependent death, name: N/A

Relationship to member: N/A

Member's job title: N/A

Member's classification in policy: Tribal Member

Salary: $ N/A

Effective date of salary: N/A

Effective date of member's coverage: N/A

Date member began employment: N/A

Number of hours worked per week: N/A

Date member was last actively at work: N/A

Reason member ceased active work:
☐ death   ☐ retired   ☐ illness or injury   ☐ terminated   ☒ other (explain) Tribal Member

Were premiums paid through date of death? ☒ yes   ☐ no

If dependent claim, was member working at the time of death? ☐ yes   ☐ no

If no, what was the date last worked? N/A

Did the member name more than one beneficiary? ☒ yes   ☐ no   If yes, are all claim forms attached? ☐ yes   ☒ no

Amount of benefit claimed $ Please See Attached

Employer name: Morongo Band of Mission Indians H611624

Policy number: (included above) H611624

Unit/division number:

Signature of planholder: ► Maria Huerdia

Title: HR

Date: 10.28.10

If we have questions, your phone number is 951 755 5185

FAX number: 951 755 5187

### Part II: Information about the Deceased and Beneficiary

Deceased's name: Antonio Miranda

Address – street: 12105 Morongo Rd

City: Banning

State: CA

ZIP: 92220

Date of birth: 1.5.48

Date of death: 6.7.10

Social security number: 562 74 7582

Are you making claim to any accidental death/personal loss benefit provided by the policy? ☐ yes   ☒ no
If yes, please send us any newspaper articles, accident reports, or other documentation that would provide us with information about the death.

Was member (dependent) insured under any other policies with other companies? ☐ yes   ☒ no

If yes, give name of company and amount of insurance: _____

Did member (dependent) have other coverage with Principal Life? ☐ GUL   ☐ Individual   ☐ Group   ☐ Pension

Your name (beneficiary): Toni Parrilla

Date of birth: 6-27-74

Your address – street: 435 W 9th street Ed

City: Upland

State: CA

ZIP: 91786

Your phone number – home: 714-896-6893

Your phone number – work: 951-854-4445

You are making claim to: ☐ all of the proceeds on the deceased's claim.
☒ only the portion due me as one of the beneficiaries of the member.

Your relationship to member: ☐ spouse   ☒ child   ☐ other (explain) _____

GP 28653-19

Page 2 of 5

02/2006

PAGE 01/07          MORONGO HR          9519228321          08:34   10/28/2010

## III. Settlement Information

**Interest Draft Account** - This account is like a checking account which earns interest. You can write personal drafts in the amount of $500 or more. Your money earns interest until your draft clears and is fully guaranteed by Principal Life. You name a beneficiary to any benefits remaining in the account in the event of your death. You also have the right to transfer funds to other options or purchase other products available from Principal Financial Group. You will receive shortly a packet of information regarding the Interest Draft Account. Included in this packet will be a Beneficiary Designation Form.

**Request for Taxpayor's Social Security Number or Tax Identification and Certification.**

If the social security number or tax identification number of the beneficiary is not supplied, the beneficiary may be subject to federal and state tax withholding. I have provided the appropriate social security or tax identification number below:

☒ The benefits are being claimed by me as a beneficiary. My social security number is  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

☐ The benefits are being claimed by the legal guardian of a minor/incompetent person's estate.
The minor/incompetent person's social security number is _____

☐ The benefits are being claimed by a trustee of a trust or a personal representative of an estate.
The tax identification number for the trust or estate is _____

The information provided by me on this claim form is true and complete to the best of my knowledge. Under penalty of perjury I certify that the social security number or tax identification number supplied on this form is true, correct, and complete.

Date: 10-20-10

Signature of beneficiary: ▶ Joni Parrella

(Please make sure you sign form as your name appears on your social security card.)

**Certification of Foreign Status (For Foreign Entities Only)**

Under penalties of perjury, I certify that for interest payments, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

U.S. taxpayer's identification number (if any)
☐ SSN  ☐ ITIN  ☐ EIN

Country of citizenship _____

Permanent address _____

Date _____

Signature ▶ _____

MIRANDA/PRINCIPAL
000028

GP 28653-19                    Page 3 of 5                    02/2006

EXHIBIT F                    81

# KARSHMER & ASSOCIATES P.C.

ATTORNEYS AT LAW

2150 SHATTUCK AVENUE, SUITE 725
BERKELEY, CALIFORNIA 94704
PHONE: (510) 841-5056
FAX: (510) 841-6167
E-MAIL: LAWYERS@KARSHMERINDIANLAW.COM

BARBARA KARSHMER * (CA)
STEPHEN V. QUESENBERRY (CA)
MARK ST. ANGELO (CA)
DAVID A. CLIFFORD (CA)
SARA DUTSCHKE SETSHWAELO (CA)

*A PROFESSIONAL CORPORATION

Confidential and Privileged
Attorney-Client Communication
Attorney Work Product

## MEMORANDUM

TO:      Marcia Heredia

FROM:    David Clifford

DATE:    September 2, 2010

RE:      Tribal Life Insurance Proceeds: Determination of Beneficiaries of Antonio Miranda

---

You have requested that our office determine which individuals should be designated as the life insurance beneficiaries of Antonio Miranda ("Mr. Miranda"). On August 10, 2004, the Tribal Council passed Resolution #081004-12, which adopted California's inheritance rules to determine life insurance beneficiaries when a tribal member dies without having designated a beneficiary ("Succession Rules"). Mr. Miranda died without having designated a beneficiary and, therefore, a determination of his beneficiaries must be made in accordance with Resolution #081004-12.

### I.    Identification of Possible Heirs/Beneficiaries

Morongo staff researched the potential living heirs of Mr. Miranda. Based upon its research, Morongo Staff has determined that Mr. Miranda has no surviving parents but has left a surviving spouse, Frances Miranda. In addition, according to Morongo staff, Mr. Miranda is reportedly survived by four biological children—Tony Miranda, Shane Miranda, Shannon Miranda, and another son who goes by the nickname of Dude ("Dude" Miranda). We have been informed that Morongo Staff has been unable to identify any other potential living heirs of Mr. Miranda.

### II.   Application of Succession Rules

The Succession Rules, as provided for in Resolution #081004-12, set forth the priority of potential beneficiaries. First, in accordance with the Succession Rules, we must determine whether a beneficiary has a surviving spouse. In the present case, Morongo Staff has reported that Mr. Miranda did leave a surviving spouse, Frances Miranda. Consequently, in accordance with the Succession Rules, Frances Miranda will receive a share of the death benefit. However, if Mr. Miranda leaves any

MIRANDA/PRINCIPAL
000029

Marcia Heredia
Memo Re: Beneficiaries of Antonio Miranda
September 2, 2010
Page 2

Confidential and Privileged
Attorney-Client Communication
Attorney Work Product

surviving children his children will receive a share of the death benefit as well. In this case, Mr. Miranda has four surviving children. Under the Succession Rules, the spouse, Frances Miranda, receives one-third (1/3) of the death benefit because Mr. Miranda has more than one surviving child.[1] Mr. Miranda's surviving children each receive an equal share of the remaining two-thirds (2/3).[2] Thus, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda should each receive one-fourth (¼) of two-thirds (2/3) of the death benefit, which is equivalent to one-sixth (1/6) of the entire death benefit.

### III.    Notification to Beneficiaries and Appeals Procedure

Under the procedures previously followed by Morongo, the Program Administrator is charged with making the initial determination of beneficiaries pursuant to the Succession Rules. I have been informed by Sandra Plunk that you are the Program Administrator. Consequently, you should attempt to notify Frances Miranda, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda of the determination of beneficiaries under the Succession Rules. In addition, you have stated that there are no other living heirs or relatives.

I have also been informed that you have had difficulty locating the children of Mr. Miranda. Usually, I would attach a form letter for Mr. Miranda's beneficiaries that would inform any beneficiaries that they may appeal the benefits determination to the Tribal Council within thirty (30) days of receipt of the form letter. However, since you do not know the whereabouts of the beneficiaries, Morongo will need to ascertain their whereabouts before any such letter can be sent. Given the lack of contact between Mr. Miranda and his beneficiaries, it also is possible that one of Mr. Miranda's children could have predeceased Mr. Miranda. If this were the case, then the benefits analysis would need to be done again to identify Mr. Miranda's living beneficiaries along with their appropriate shares.

---

[1] *See* CAL. PROB. CODE §6401 made applicable by Resolution #081004-12
[2] *See* CAL. PROB. CODE §6402 made applicable by Resolution #081004-12
18289

KARSHMER & ASSOCIATES (P.C.)

MIRANDA/PRINCIPAL
000030

# COUNTY OF RIVERSIDE

## RIVERSIDE, CALIFORNIA

### CERTIFICATE OF DEATH

3201039005804

| | | | |
|---|---|---|---|
| 1. NAME OF DECEDENT—FIRST NAME: ANTONIO | 2. MIDDLE | | 3. LAST: MIRANDA JR |
| MAIDEN NAME: MOTZ | | 5. DATE OF BIRTH: 07/05/1948 | 6. AGE: 61 | 7. SEX: M |
| 8. BIRTH STATE: CA | SOCIAL SECURITY NUMBER: 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 | EVER IN US ARMED FORCES: YES [X] NO | MARITAL STATUS: MARRIED | DATE OF DEATH: 06/07/2010 | HOUR: 0130 |
| EDUCATION: 10 | | RACE: AMERICAN INDIAN, MORONGO |
| USUAL OCCUPATION: MAINTENANCE WORKER | KIND OF BUSINESS/INDUSTRY: MAINTENANCE | | YEARS IN OCCUPATION: 15 |
| RESIDENCE: 12105 MORONGO RD | | | |
| CITY: BANNING | COUNTY: RIVERSIDE | ZIP CODE: 92220 | YEARS IN COUNTY: 61 | STATE/FOREIGN COUNTRY: CA |
| INFORMANT'S NAME, RELATIONSHIP: FRANCES MIRANDA, WIFE | MAILING ADDRESS: 12105 MORONGO RD, BANNING, CA 92220 | | |
| NAME OF SURVIVING SPOUSE—FIRST: FRANCES | MIDDLE: CONCEPTION | LAST (MAIDEN NAME): CONDE | |
| NAME OF FATHER/PARENT—FIRST: TONY | MIDDLE: G | LAST: CONDE | BIRTH STATE: UNK |
| NAME OF MOTHER/PARENT—FIRST: MANIEVA | MIDDLE: | LAST (BIRTH NAME): LINTON | BIRTH STATE: UNK |
| DISPOSITION DATE: 08/12/2010 | PLACE OF FINAL DISPOSITION: TRIBAL CEMETERY, 48280 CHINO RD, MORONGO INDIAN RESERVATION, BANNING, CA 92220 | | |
| TYPE OF DISPOSITION: BU | SIGNATURE OF EMBALMER: TODD RUTHERFORD | | LICENSE NUMBER: EMB8395 |
| NAME OF FUNERAL ESTABLISHMENT: WIEFELS AND SON/BANNING | LICENSE NUMBER: FD112 | SIGNATURE OF LOCAL REGISTRAR: ERIC K. FRYKMAN, M.D. | DATE: 06/09/2010 |

### Places of Death

| | | | |
|---|---|---|---|
| PLACE OF DEATH: RESIDENCE | IF HOSPITAL, SPECIFY ONE: [ ] IP [ ] ER/OP [ ] DOA | IF OTHER THAN HOSPITAL, SPECIFY ONE: [ ] Hospice [ ] Nursing Home [X] Residence [ ] Other | |
| COUNTY: RIVERSIDE | FACILITY ADDRESS: 11585 APACHE TRAIL | | CITY: CABAZON |

### Cause of Death

IMMEDIATE CAUSE: IN PENDING

CORONER: [X] YES

FILE NUMBER: 2010-04489

BIOPSY PERFORMED: [ ] YES [X] NO
AUTOPSY PERFORMED: [X] YES [ ] NO
USED IN DETERMINING CAUSE: [X] YES [ ] NO

/OF/

| | | | |
|---|---|---|---|
| CORONER: ROSIE R LASTER | DATE: 06/09/2010 | TYPE NAME, TITLE OF CORONER/DEPUTY CORONER: ROSIE R LASTER, DEPUTY CORONER | |
| STATE REGISTRAR | A | B | C | D | E | | LOCAL REGISTRATION NUMBER: '9100A01601615765' | FAX AUTH # | CENSUS TRACT |

---

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } ss
COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

DATE ISSUED: Aug 3, 2010

0 0 0 8 7 7 1 4 8

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

PAGE 05/07     MORONGO HR     9519220321     08:34   10/28/2010

MIRANDA/PRINCIPAL
000031

EXHIBIT F

84

**CERTIFICATION OF VITAL RECORD**

# COUNTY OF RIVERSIDE

RIVERSIDE, CALIFORNIA

**AFFIDAVIT TO AMEND A RECORD**
NO ERASURES, WHITEOUTS, PHOTOCOPIES,
OR ALTERATIONS

STATE FILE NUMBER

3201033005804

LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I   INFORMATION TO LOCATE RECORD

| | 1A. NAME—FIRST | 1B. MIDDLE | | 1C. LAST | |
|---|---|---|---|---|---|
| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | ANTONIO | | | MIRANDA JR | |
| | 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | | 5. COUNTY OF EVENT |
| | M | 06/07/2010 | CABAZON | | RIVERSIDE |
| | 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | | | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD | |
| | TONY G CONDE | | | MANIEVA - LINTON | |

## PART II   STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD

| | 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|---|
| LIST ONE ITEM PER LINE | 33 | CONDE | MIRANDA |

REASON FOR CORRECTION

11. TO CORRECT DEATH RECORD

20 F3

AFFIDAVITS AND SIGNATURES

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| | 12A. SIGNATURE OF FIRST PERSON | 12B. PRINTED NAME | 12C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|---|
| TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD | VIVIAN GRAY | VIVIAN GRAY | FUNERAL HOME STAFF LEVEL 1 |
| | 12D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 12E. DATE SIGNED—MM/DD/CCYY |
| | 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |
| | 13A. SIGNATURE OF SECOND PERSON | 13B. PRINTED NAME | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I |
| | TODD RUTHERFORD | TODD RUTHERFORD | FUNERAL HOME STAFF LEVEL 1 |
| | 13D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 13E. DATE SIGNED—MM/DD/CCYY |
| | 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |

| STATE/LOCAL REGISTRAR USE ONLY | 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | | 15. DATE ACCEPTED FOR REGISTRATION |
|---|---|---|---|
| | ERIC K. FRYKMAN, M.D. | | 06/24/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24o (REV. 1/08)
1.1

MIRANDA/PRINCIPAL
000032

---

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA  } ss
COUNTY OF RIVERSIDE  }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

Aug 3, 2010

DATE ISSUED

Eric Frykman M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0 0 0 8 7 7 1 4 9

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE

### RIVERSIDE, CALIFORNIA

#### PHYSICIAN/CORONER'S AMENDMENT

NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER

2.1

3201033005804

LOCAL REGISTRATION NUMBER

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I    INFORMATION TO LOCATE RECORD

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 1A. NAME - FIRST ANTONIO | 1B. MIDDLE | 1C. LAST MIRANDA JR | 2. SEX M |
|---|---|---|---|---|
| | 3. DATE OF EVENT—MM/DD/CCYY 06/07/2010 | 4. CITY OF EVENT CABAZON | | 5. COUNTY OF EVENT RIVERSIDE |

## PART II    STATEMENT OF CORRECTIONS

| 6 CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | PENDING | HYPERTENSIVE AND ATHEROSCLEROTIC CARDIOVASCULAR DISEASE |
| 107AT | . | YEARS |
| 112 | | DIABETES MELLITUS |
| 113 | | NO |
| 119 | PENDING INVESTIGATION | NATURAL |

LIST ONE ITEM PER LINE

MIRANDA/PRINCIPAL
000033

3 OF 3

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER MICHAEL D OARE | 10. DATE SIGNED—MM/DD/CCYY 07/09/2010 | 11. TYPED OR PRINTED NAME AND TITLE/OCCUPATION OF CERTIFIER DEPUTY CORONER | | |
|---|---|---|---|---|---|
| | 12. ADDRESS—STREET and NUMBER 800 SOUTH REDLANDS AVE | 13. CITY PERRIS | | 14. STATE CA | 15. ZIP CODE 92570 |

| STATE/LOCAL REGISTRAR USE ONLY | 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR ERIC K. FRYKMAN, M.D. | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY 07/12/2010 |
|---|---|---|

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24A4 (REV. 1/08)

*020201001544351*

2.1

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA }
COUNTY OF RIVERSIDE } SS

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0008877150

DATE ISSUED    **Aug 3, 2010**

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT F

EXHIBIT G

87

Incoming message

**Thompson, Brenda**

| | |
|---|---|
| **From:** | Faxination [IMCEAFAX-UTF8-FAX-GW1-Drop@principal.com] |
| **Sent:** | Thursday, October 28, 2010 10:26 AM |
| **To:** | FAX L&D New |
| **Subject:** | Fax received (7p) from:'9519220321' on FAX ID:44831 |
| **Attachments:** | 003402AA000.tif |

# Incoming fax

**fenestrae**

EXTEND YOUR REACH

Description
Fax received (7p) from:'9519220321' on FAX ID:44831

| | |
|---|---|
| Explanation: | Sent to:'44831' CSID:9519220321 (0) |
| Received at: | 10/28/2010 10:25:37 AM |
| Items received: | 7 |
| Duration: | 244 seconds |
| Transmission speed: | 14400 baud |
| Job reference: | 003402AA |
| Gateway ID: | 11 |

12/16/2010

EXHIBIT G

MIRANDA/PRINCIPAL
000018

**Principal Financial Group**

Administered by
Principal Life Insurance Company
Des Moines, Iowa 50392-0002
Toll free Nationwide 1-800-245-1522
Toll free FAX 1-800-255-6609

**Life Claim Information**

**Part I: Information about the Group Planholder**

Member's name: Antonio Miranda
Member's I.D.: N/A

If dependent death, name: N/A
Relationship to member: N/A

Member's job title: N/A
Member's classification in policy: Tribal Member
Salary: $ N/A
Effective date of salary: N/A

Effective date of member's coverage: N/A
Date member began employment: N/A
Number of hours worked per week: N/A
Date member was last actively at work:

Reason member ceased active work:
☐ death  ☐ retired  ☐ Illness or injury  ☐ terminated  ☒ other (explain) Tribal Member

Were premiums paid through date of death? ☒ yes  ☐ no

If dependent claim, was member working at the time of death? ☐ yes  ☐ no

If no, what was the date last worked? N/A

Did the member name more than one beneficiary? ☒ yes  ☐ no  If yes, are all claim forms attached? ☐ yes  ☒ no

Amount of benefit claimed $ Please See Attached

Employer name: Morongo Band of Mission Indians
Policy number: HS1624
Unit/division number:

Signature of planholder: ▶ Mareatt... 
Title: HR
Date: 10.28.10

If we have questions, your phone number is: 951 755 5185
FAX number: 951 755 5187

**Part II: Information about the Deceased and Beneficiary**

Deceased's name: Antonio Miranda
Address – street: 12105 Morongo Rd
City: Banning
State: CA
Zip: 92220

Date of birth: 1.5.48
Date of death: 6.7.10
Social security number: 562 74 7582

Are you making claim to any accidental death/personal loss benefit provided by the policy? ☐ yes  ☒ no
If yes, please send us any newspaper articles, accident reports, or other documentation that would provide us with information about the death.

Was member (dependent) insured under any other policies with other companies? ☐ yes  ☒ no

If yes, give name of company and amount of insurance: _____

Did member (dependent) have other coverage with Principal Life? ☐ GUL  ☐ Individual  ☐ Group  ☐ Pension

Your name (beneficiary): Shannon Miranda
Date of birth: 5-2-71

Your address – street: 14952 Joustra-tree ct
City: Fontana
State: CA
ZIP: 92335

Your phone number – home: 909 409 8309
Your phone number – work:

You are making claim to: ☐ all of the proceeds on the deceased's claim.
☒ only the portion due me as one of the beneficiaries of the member.

Your relationship to member: ☐ spouse  ☒ child  ☐ other (explain) _____

MIRANDA/PRINCIPAL 000019

GP 28653-19
Page 2 of 5
02/2006

EXHIBIT G

89

## III. Settlement Information

**Interest Draft Account** - This account is like a checking account which earns interest. You can write personal drafts in the amount of $500 or more. Your money earns interest until your draft clears and is fully guaranteed by Principal Life. You name a beneficiary to any benefits remaining in the account in the event of your death. You also have the right to transfer funds to other options or purchase other products available from Principal Financial Group. You will receive shortly a packet of information regarding the Interest Draft Account. Included in this packet will be a Beneficiary Designation Form.

**Request for Taxpayer's Social Security Number or Tax Identification and Certification.**

If the social security number or tax identification number of the beneficiary is not supplied, the beneficiary may be subject to federal and state tax withholding. I have provided the appropriate social security or tax identification number below:

[X] The benefits are being claimed by me as a beneficiary. My social security number is 572 48 155

[ ] The benefits are being claimed by the legal guardian of a minor/incompetent person's estate.

The minor/incompetent person's social security number is _____

[ ] The benefits are being claimed by a trustee of a trust or a personal representative of an estate.

The tax identification number for the trust or estate is _____

The information provided by me on this claim form is true and complete to the best of my knowledge. Under penalty of perjury I certify that the social security number or tax identification number supplied on this form is true, correct, and complete.

| Date | Signature of beneficiary |
| 10/22/10 | ▶ Shannon miranda |

(Please make sure you sign form as your name appears on your social security card.)

### Certification of Foreign Status (For Foreign Entities Only)

Under penalties of perjury, I certify that for interest payments, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

| U.S. taxpayer's identification number (if any) | Country of citizenship |
| [ ] SSN [ ] ITIN [ ] EIN | |

Permanent address

| Date | Signature |
| | ▶ |

MIRANDA/PRINCIPAL
000020

# KARSHMER & ASSOCIATES (P.C.)

ATTORNEYS AT LAW

2150 SHATTUCK AVENUE, SUITE 725
BERKELEY, CALIFORNIA 94704
PHONE: (510) 841-8056
FAX: (510) 841-6167
E-MAIL: LAWYERS@KARSHMERINDIANLAW.COM

BARBARA KARSHMER * (CA)
STEPHEN V. QUESENBERRY (CA)
MARK ST. ANGELO (CA)
DAVID A. CLIFFORD (CA)
SARA DUTSCHKE SETSHWAELO (CA)

*A PROFESSIONAL CORPORATION

Confidential and Privileged
Attorney-Client Communication
Attorney Work Product

## MEMORANDUM

TO:        Marcia Heredia

FROM:      David Clifford

DATE:      September 2, 2010

RE:        Tribal Life Insurance Proceeds: Determination of Beneficiaries of Antonio Miranda

You have requested that our office determine which individuals should be designated as the life insurance beneficiaries of Antonio Miranda ("Mr. Miranda"). On August 10, 2004, the Tribal Council passed Resolution #081004-12, which adopted California's inheritance rules to determine life insurance beneficiaries when a tribal member dies without having designated a beneficiary ("Succession Rules"). Mr. Miranda died without having designated a beneficiary and, therefore, a determination of his beneficiaries must be made in accordance with Resolution #081004-12.

### I.    Identification of Possible Heirs/Beneficiaries

Morongo staff researched the potential living heirs of Mr. Miranda. Based upon its research, Morongo Staff has determined that Mr. Miranda has no surviving parents but has left a surviving spouse, Frances Miranda. In addition, according to Morongo staff, Mr. Miranda is reportedly survived by four biological children—Tony Miranda, Shane Miranda, Shannon Miranda, and another son who goes by the nickname of Dude ("Dude" Miranda). We have been informed that Morongo Staff has been unable to identify any other potential living heirs of Mr. Miranda.

### II.   Application of Succession Rules

The Succession Rules, as provided for in Resolution #081004-12, set forth the priority of potential beneficiaries. First, in accordance with the Succession Rules, we must determine whether a beneficiary has a surviving spouse. In the present case, Morongo Staff has reported that Mr. Miranda did leave a surviving spouse, Frances Miranda. Consequently, in accordance with the Succession Rules, Frances Miranda will receive a share of the death benefit. However, if Mr. Miranda leaves any

MIRANDA/PRINCIPAL
000021

Marcia Heredia
Memo Re: Beneficiaries of Antonio Miranda
September 2, 2010
Page 2

Confidential and Privileged
Attorney -Client Communication
Attorney Work Product

surviving children his children will receive a share of the death benefit as well. In this case, Mr. Miranda has four surviving children. Under the Succession Rules, the spouse, Frances Miranda, receives one-third (1/3) of the death benefit because Mr. Miranda has more than one surviving child.[1] Mr. Miranda's surviving children each receive an equal share of the remaining two-thirds (2/3).[2] Thus, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda should each receive one-fourth (¼) of two-thirds (2/3) of the death benefit, which is equivalent to one-sixth (1/6) of the entire death benefit.

### III.   Notification to Beneficiaries and Appeals Procedure

Under the procedures previously followed by Morongo, the Program Administrator is charged with making the initial determination of beneficiaries pursuant to the Succession Rules. I have been informed by Sandra Plunk that you are the Program Administrator. Consequently, you should attempt to notify Frances Miranda, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda of the determination of beneficiaries under the Succession Rules. In addition, you have stated that there are no other living heirs or relatives.

I have also been informed that you have had difficulty locating the children of Mr. Miranda. Usually, I would attach a form letter for Mr. Miranda's beneficiaries that would inform any beneficiaries that they may appeal the benefits determination to the Tribal Council within thirty (30) days of receipt of the form letter. However, since you do not know the whereabouts of the beneficiaries, Morongo will need to ascertain their whereabouts before any such letter can be sent. Given the lack of contact between Mr. Miranda and his beneficiaries, it also is possible that one of Mr. Miranda's children could have predeceased Mr. Miranda. If this were the case, then the benefits analysis would need to be done again to identify Mr. Miranda's living beneficiaries along with their appropriate shares.

---

[1] See CAL. PROB. CODE §6401 made applicable by Resolution #081004-12
[2] See CAL. PROB. CODE §6402 made applicable by Resolution #081004-12
18289

KARSHMER & ASSOCIATES (P.C.)

MIRANDA/PRINCIPAL
000022

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA
### CERTIFICATE OF DEATH

3201033006804

| | | |
|---|---|---|
| ANTONIO | | MIRANDA JR |
| MOTZ | | 07/05/1948 · 61 · M |
| CA | 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 · NO · MARRIED | 08/07/2010 · 0130 |
| 10 | AMERICAN INDIAN, MORONGO | |
| MAINTENANCE WORKER | MAINTENANCE | 15 |
| 12105 MORONGO RD | | |
| BANNING | RIVERSIDE · 92220 · 61 · CA | |
| FRANCES MIRANDA, WIFE | 12105 MORONGO RD, BANNING, CA 92220 | |
| FRANCES | CONCEPTION | CONDE |
| TONY | G | CONDE · UNK |
| MANIEVA | | LINTON · UNK |

06/12/2010 · TRIBAL CEMETERY
48280 CHINO RD, MORONGO INDIAN RESERVATION, BANNING, CA 92220

| | | |
|---|---|---|
| BU | ▸ TODD RUTHERFORD | EM88395 |
| WIEFELS AND SON/BANNING | FD112 · ▸ ERIC K. FRYKMAN, M.D. | 06/09/2010 |

RESIDENCE

RIVERSIDE · 13585 APACHE TRAIL · CABAZON

IMMEDIATE CAUSE — IN PENDING · 2010-04489

/OF₃

MIRANDA/PRINCIPAL 000023

▸ROSIE R LASTER · 06/09/2010 · ROSIE R LASTER, DEPUTY CORONER

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } ss
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

0 0 0 8 7 7 1 4 8

Aug 3, 2010

DATE ISSUED

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

#### AFFIDAVIT TO AMEND A RECORD
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

3201033005804

STATE FILE NUMBER                                                    LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH     ☒ DEATH     ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY — THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

**PART I     INFORMATION TO LOCATE RECORD**

| | 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|---|
| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | ANTONIO | | MIRANDA JR |

| | 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|---|
| | M | 06/07/2010 | CABAZON | RIVERSIDE |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| TONY G CONDE | MANIEVA - LINTON |

**PART II     STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD**

| ITEM NUMBER TO BE CORRECTED | INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| LIST ONE ITEM PER LINE | 33 | CONDE | MIRANDA |

REASON FOR CORRECTION: " TO CORRECT DEATH RECORD

20 FJ

**AFFIDAVITS AND SIGNATURES**

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| 13A. SIGNATURE OF FIRST PERSON | 13B. PRINTED NAME | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ► VIVIAN GRAY | VIVIAN GRAY | FUNERAL HOME STAFF LEVEL1 |

| 13D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 13E. DATE SIGNED—MM/DD/CCYY |
|---|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |

TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD

| 13A. SIGNATURE OF SECOND PERSON | 13B. PRINTED NAME | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ► TODD RUTHERFORD | TODD RUTHERFORD | FUNERAL HOME STAFF LEVEL1 |

| 13D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 13E. DATE SIGNED—MM/DD/CCYY |
|---|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |

**STATE/LOCAL REGISTRAR USE ONLY**

| 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 15. DATE ACCEPTED FOR REGISTRATION |
|---|---|
| ► ERIC K. FRYKMAN, M.D. | 06/24/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

*VD1101003539835*

FORM VS 24s (REV, 1/08)     1.1

MIRANDA/PRINCIPAL 000024

---

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA     } SS
COUNTY OF RIVERSIDE

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

Aug 3, 2010     Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY CALIFORNIA

DATE ISSUED

0 0 0 8 7 7 1 4 9

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT G                                                    94

# COUNTY OF RIVERSIDE

### RIVERSIDE, CALIFORNIA

**CERTIFICATION OF VITAL RECORD**

#### PHYSICIAN/CORONER'S AMENDMENT
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER
2.1

3201033005804
LOCAL REGISTRATION NUMBER

☐ BIRTH    ☒ DEATH    ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

**PART I    INFORMATION TO LOCATE RECORD**

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 1A. NAME FIRST ANTONIO | 1B. MIDDLE | 1C. LAST MIRANDA JR | 2. SEX M |
|---|---|---|---|---|
| | 3. DATE OF EVENT—MM/DD/CCYY 06/07/2010 | 4. CITY OF EVENT CABAZON | 5. COUNTY OF EVENT RIVERSIDE | |

**PART II    STATEMENT OF CORRECTIONS**

| | 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARED ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|---|
| LIST ONE ITEM PER LINE | 107A | PENDING | HYPERTENSIVE AND ATHEROSCLEROTIC CARDIOVASCULAR DISEASE |
| | 107AT | . | YEARS |
| | 112 | | DIABETES MELLITUS |
| | 113 | | NO |
| | 119 | PENDING INVESTIGATION | NATURAL |

MIRANDA/PRINCIPAL
000025

3 OF 3

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER ▶ MICHAEL D QARE | 10. DATE SIGNED—MM/DD/CCYY 07/09/2010 | 11. TYPED OR PRINTED NAME AND TITLE/DEGREE OF CERTIFIER DEPUTY CORONER | | |
|---|---|---|---|---|---|
| | 12. ADDRESS—STREET AND NUMBER 800 SOUTH REDLANDS AVE | 13. CITY PERRIS | | 14. STATE CA | 15. ZIP CODE 92570 |
| STATE/LOCAL REGISTRAR USE ONLY | 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR ▶ ERIC K. FRYKMAN, M.D. | | | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY 07/12/2010 | |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24Aa (REV. 1/08)
2.1

---

**CERTIFIED COPY OF VITAL RECORDS**

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS.

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health

**Aug 3, 2010**

DATE ISSUED

Eric Frykman, M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0 0 0 8 7 7 1 5 0

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

EXHIBIT H                                                                    96

04/06/2011  10:24   9519220321                    MORONGO HR                          PAGE  01/07


**Principal**
*Financial*
*Group*

Administered by

**Principal Life Insurance Company**
Des Moines, Iowa 50392-0002
Toll free Nationwide 1-800-245-1522
Toll free FAX 1-800-255-8609

**Life Claim Information**

## Part I: Information about the Group Planholder

Member's name  An-tonio Miranda

Member's I.D.  N/A

If dependent death, name  N/A

Relationship to member  N/A

Member's job title  N/A

Member's classification in policy  Tribal Members

Salary  N/A

Effective date of salary  N/A

Effective date of member's coverage  N/A

Date member began employment  N/A

Number of hours worked per week  N/A

Date member was last actively at work  N/A

Reason member ceased active work:
· ☐ death   ☐ retired   ☐ illness or injury   ☐ terminated   ☒ other (explain)  Tribal Member

Were premiums paid through date of death?  ☒ yes   ☐ no

If dependent claim, was member working at the time of death?   ☐ yes   ☐ no

If no, what was the date last worked?  N/A

Did the member name more than one beneficiary?  ☒ yes   ☐ no   If yes, are all claim forms attached?  ☐ yes  ☒ no

Amount of benefit claimed
$  Please See Attached.

Employer name  Morongo Band of Mission Indians

Policy number  HS11624

Unit/division number

Signature of planholder  ▶ Maria Toledia

Title  HR

Date  4-5-11

If we have questions, your phone number is  951 755 5185

FAX number  951 755 5187

## Part II: Information about the Deceased and Beneficiary

Deceased's name  Antonio Miranda

Address – street  12105 Morongo Rd

City  Banning

State  CA

ZIP  92220

Date of birth  7.5.48

Date of death  6-7-10

Social security number  562 74 7582

Are you making claim to any accidental death/personal loss benefit provided by the policy?  ☐ yes   ☒ no
If yes, please send us any newspaper articles, accident reports, or other documentation that would provide us with information about the death.

Was member (dependent) insured under any other policies with other companies?  ☐ yes  ☒ no

If yes, give name of company and amount of insurance:

Did member (dependent) have other coverage with Principal Life?  ☐ GUL   ☐ Individual   ☐ Group   ☐ Pension

Your name (beneficiary)  ANTONIO MIRANDA III

Date of birth  6-1-72

Your address – street  14952 JOSHUE TREE CT

City  FONTANA

State  CA

ZIP  92335

Your phone number – home  (909) 429-8309

Your phone number – work

You are making claim to:  ☐ all of the proceeds on the deceased's claim.
☒ only the portion due me as one of the beneficiaries of the member.

Your relationship to member:  ☐ spouse  ☒ child  ☐ other (explain)

EXHIBIT H

MIRANDA/PRINCIPAL
000199    97

04/06/2011  10:24    9519220321                    MORONGO HR                          PAGE  02/07

### III. Settlement Information

**Interest Draft Account** - This account is like a checking account which earns interest. You can write personal drafts in the amount of $500 or more. Your money earns interest until your draft clears and is fully guaranteed by Principal Life. You name a beneficiary to any benefits remaining in the account in the event of your death. You also have the right to transfer funds to other options or purchase other products available from Principal Financial Group. You will receive shortly a packet of information regarding the Interest Draft Account. Included in this packet will be a Beneficiary Designation Form.

### Request for Taxpayor's Social Security Number or Tax Identification and Certification.

If the social security number or tax identification number of the beneficiary is not supplied, the beneficiary may be subject to federal and state tax withholding. I have provided the appropriate social security or tax identification number below:

☒  The benefits are being claimed by me as a beneficiary. My social security number is ⎯ 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

☐  The benefits are being claimed by the legal guardian of a minor/incompetent person's estate.
The minor/incompetent person's social security number is _____

☐  The benefits are being claimed by a trustee of a trust or a personal representative of an estate.
The tax identification number for the trust or estate is _____

The information provided by me on this claim form is true and complete to the best of my knowledge. Under penalty of perjury I certify that the social security number or tax identification number supplied on this form is true, correct, and complete.

| Date | Signature of beneficiary |
|------|--------------------------|
| 3/14/11 | ▶ *Antonio Alvarado* |

(Please make sure you sign form as your name appears on your social security card.)

### Certification of Foreign Status (For Foreign Entities Only)

Under penalties of perjury, I certify that for interest payments, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

U.S. taxpayer's identification number (if any)        Country of citizenship
☐ SSN  ☐ ITIN  ☐ EIN
Permanent address

Date        Signature
▶

GP 28653-19                          Page 3 of 5                          02/2006

MIRANDA/PRINCIPAL
000200

EXHIBIT H                                              98

04/06/2011  10:24  9519220321                    MORONGO HR                         PAGE  03/07

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA
### CERTIFICATE OF DEATH

3201033005804

LOCAL REGISTRATION NUMBER

| 1. NAME OF DECEDENT-FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| ANTONIO | | MIRANDA JR |

| | | 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE-YRS | | | | 6. SEX |
|---|---|---|---|---|---|---|---|
| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) MOTZ | | 07/05/1948 | 61 | | | | M |

| 8. BIRTH STATE/FOREIGN COUNTRY | 9. SOCIAL SECURITY NUMBER | 10. EVER IN U.S. ARMED FORCES? | 11. MARITAL STATUS | 12. DATE OF DEATH mm/dd/ccyy | 13. HOUR | 24 Hours |
|---|---|---|---|---|---|---|
| CA | 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 | YES [X] NO UNK | MARRIED | 06/07/2010 | 0130 | |

| 14. EDUCATION | 15. WAS DECEDENT OF HISPANIC ORIGIN? | 16. DECEDENT'S RACE |
|---|---|---|
| 10 | YES [X] NO | AMERICAN INDIAN, MORONGO |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY | 19. YEARS IN OCCUPATION |
|---|---|---|
| MAINTENANCE WORKER | MAINTENANCE | 16 |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) |
|---|
| 12105 MORONGO RD |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| BANNING | RIVERSIDE | 92220 | 61 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS |
|---|---|
| FRANCES MIRANDA, WIFE | 12105 MORONGO RD, BANNING, CA 92220 |

| 28. NAME OF SURVIVING SPOUSE/SRP-FIRST | 29. MIDDLE | 30. LAST (BIRTH NAME) |
|---|---|---|
| FRANCES | CONCEPTION | CONDE |

| 31. NAME OF FATHER/PARENT-FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| TONY | G | CONDE | UNK |

| 35. NAME OF MOTHER/PARENT-FIRST | 36. MIDDLE | 37. LAST (BIRTH NAME) | 38. BIRTH STATE |
|---|---|---|---|
| MANIEVA | | LINTON | UNK |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION TRIBAL CEMETERY |
|---|---|
| 06/12/2010 | 48280 CHINO RD, MORONGO INDIAN RESERVATION, BANNING, CA 92220 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | | 43. LICENSE NUMBER |
|---|---|---|---|
| BU | TODD RUTHERFORD | | EMB8395 |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| WIEFELS AND SON/BANNING | FD112 | ERIC K. FRYKMAN, M.D. | 08/09/2010 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| RESIDENCE | IP ER/OP DOA | Hospice Nursing Home [X] Residence Other |

| 104. COUNTY | 105. FACILITY ADDRESS or LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| RIVERSIDE | 13565 APACHE TRAIL | CABAZON |

| 107. CAUSE OF DEATH | | 107AA | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) → PENDING | | | [X] YES NO |
| | | | 2010-04469 |
| DUE TO (b) | | | 109. BIOPSY PERFORMED? YES [X] NO |
| DUE TO (c) | | | 110. AUTOPSY PERFORMED? [X] YES NO |
| DUE TO (d) | | | 111. USED IN DETERMINING CAUSE? [X] YES NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? If yes, list type of operation and date | 113A. IF FEMALE, PREGNANT IN LAST YEAR? YES NO UNK |
|---|---|

MIRANDA/PRINCIPAL
000201

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Physician Signature | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Deputy Last Seen Alive Physician Investigating | | | |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | | | |

| 119. MANNER OF DEATH: Natural Accident Homicide Suicide [X] Pending Investigation Could not be Determined | 120. INJURED AT WORK? YES NO UNK | 121. INJURY DATE mm/dd/ccyy | 122. HOUR 24 Hours |
|---|---|---|---|

| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) |
|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER/DEPUTY CORONER |
|---|---|---|
| ROSIE R LASTER | 08/09/2010 | ROSIE R LASTER, DEPUTY CORONER |

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | 2010010001512065 | | |

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

**Aug 3, 2010**

Eric Frykman, M.D., Local Registrar
Riverside County, California

DATE ISSUED

0 0 0 8 7 7 1 4 8

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

GREAT SEAL OF THE STATE CALIFORNIA EUREKA

EXHIBIT H

04/06/2011   10:24   9519220321                    MORONGO HR                         PAGE  04/07

## STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

#### AFFIDAVIT TO AMEND A RECORD
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

STATE FILE NUMBER: 1.1

LOCAL REGISTRATION NUMBER: 3201033005804

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD.

### PART I    INFORMATION TO LOCATE RECORD

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME—FIRST | 1B. MIDDLE | 1C. LAST |
|---|---|---|
| ANTONIO | | MIRANDA JR |

| 2. SEX | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|---|
| M | 06/07/2010 | CABAZON | RIVERSIDE |

| 6. FULL NAME OF FATHER/PARENT AS STATED ON ORIGINAL RECORD | 7. FULL NAME OF MOTHER/PARENT AS STATED ON ORIGINAL RECORD |
|---|---|
| TONY G CONDE | MANIEVA - LINTON |

### PART II    STATEMENT OF CORRECTIONS TO BIRTH, DEATH, OR FETAL DEATH RECORD

LIST ONE ITEM PER LINE

| 8. ITEM NUMBER TO BE CORRECTED | 9. INCORRECT INFORMATION THAT APPEARS ON ORIGINAL RECORD | 10. CORRECTED INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 33 | CONDE | MIRANDA |

REASON FOR CORRECTION

**11. TO CORRECT DEATH RECORD**

2 OF 3

AFFIDAVITS AND SIGNATURES

TWO PERSONS MUST SIGN THIS FORM TO CORRECT A BIRTH, DEATH, OR FETAL DEATH RECORD

We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| 12A. SIGNATURE OF FIRST PERSON | 12B. PRINTED NAME | 12C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ▶ VIVIAN GRAY | VIVIAN GRAY | FUNERAL HOME STAFF LEVEL1 |

| 12D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 12E. DATE SIGNED—MM/DD/CCYY |
|---|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |

| 13A. SIGNATURE OF SECOND PERSON | 13B. PRINTED NAME | 13C. TITLE/RELATIONSHIP TO PERSON IN PART I |
|---|---|---|
| ▶ TODD RUTHERFORD | TODD RUTHERFORD | FUNERAL HOME STAFF LEVEL1 |

| 13D. ADDRESS (STREET and NUMBER, CITY, STATE, ZIP) | | 13E. DATE SIGNED—MM/DD/CCYY |
|---|---|---|
| 50 E NICOLET ST, BANNING, CA 92220 | | 06/24/2010 |

STATE/LOCAL REGISTRAR USE ONLY

| 14. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 15. DATE ACCEPTED FOR REGISTRATION |
|---|---|
| ▶ ERIC K. FRYKMAN, M.D. | 06/24/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS        FORM VS 24e (REV. 1/08)

*020101001523035*

1.1

MIRANDA/PRINCIPAL
000202

### CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA  }
COUNTY OF RIVERSIDE  } SS

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

Eric Frykman M.D., Local Registrar
RIVERSIDE COUNTY, CALIFORNIA

0 0 0 8 7 7 1 4 9

DATE ISSUED    **Aug 3, 2010**

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

EXHIBIT H                                                                    100

04/06/2011  10:24    9519220321                    MORONGO  HR                      PAGE  05/07

## STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

# COUNTY OF RIVERSIDE
### RIVERSIDE, CALIFORNIA

#### PHYSICIAN/CORONER'S AMENDMENT
NO ERASURES, WHITEOUTS, PHOTOCOPIES,
OR ALTERATIONS

STATE FILE NUMBER

2.1

3201033005804

LOCAL REGISTRATION NUMBER

☐ BIRTH    ☒ DEATH    ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

**PART I    INFORMATION TO LOCATE RECORD**

| INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 1A. NAME - FIRST | 1B. MIDDLE | 1C. LAST | 2. SFX |
|---|---|---|---|---|
| | ANTONIO | | MIRANDA JR | M |
| | 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT | |
| | 06/07/2010 | CABAZON | RIVERSIDE | |

**PART II    STATEMENT OF CORRECTIONS**

| | 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|---|
| LIST ONE ITEM PER LINE | 107A | PENDING | HYPERTENSIVE AND ATHEROSCLEROTIC CARDIOVASCULAR DISEASE |
| | 107AT | . | YEARS |
| | 112 | | DIABETES MELLITUS |
| | 113 | | NO |
| | 119 | PENDING INVESTIGATION | NATURAL |

3 OF 3

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| DECLARATION OF CERTIFYING PHYSICIAN OR CORONER | 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGN'D—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE OR CRAFT OF CERTIFIER |
|---|---|---|---|
| | ► MICHAEL D OARE | 07/09/2010 | DEPUTY CORONER |
| | 12. ADDRESS - STREET and NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
| | 800 SOUTH REDLANDS AVE | PERRIS | CA | 92570 |

| STATE/LOCAL REGISTRAR USE ONLY | 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|---|
| | ► ERIC K. FRYKMAN, M.D. | 07/12/2010 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

*023231001514351*

FORM VS 24An (REV. 1/08)

2.1

## CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS
COUNTY OF RIVERSIDE }

This is a true and exact reproduction of the document officially registered and placed on file in the office of the County of Riverside, Department of Health.

**Aug 3, 2010**

DATE ISSUED

Eric Frykman, M.D., Local Registrar
COUNTY OF RIVERSIDE, CALIFORNIA

0 0 0 8 7 7 1 5 0

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



MIRANDA/PRINCIPAL
000203

04/06/2011  10:24    9519220321                    MORONGO HR                              PAGE  06/07

# KARSHMER & ASSOCIATES (P.C.)

ATTORNEYS AT LAW

2150 SHATTUCK AVENUE, SUITE 725
BERKELEY, CALIFORNIA 94704
PHONE: (510) 841-5056
FAX: (510) 841-8167
E-MAIL: LAWYERS@KARSHMERINDIANLAW.COM

BARBARA KARSHMER * (CA)
STEPHEN V. QUESENBERRY (CA)
MARK ST. ANGELO (CA)
DAVID A. CLIFFORD (CA)
SARA DUTSCHKE SETSHWAELO (CA)

*A PROFESSIONAL CORPORATION

**Confidential and Privileged**
**Attorney-Client Communication**
**Attorney Work Product**

## MEMORANDUM

TO:        Marcia Heredia

FROM:      David Clifford

DATE:      September 2, 2010

RE:        Tribal Life Insurance Proceeds:  Determination of Beneficiaries of Antonio Miranda

You have requested that our office determine which individuals should be designated as the life insurance beneficiaries of Antonio Miranda ("Mr. Miranda"). On August 10, 2004, the Tribal Council passed Resolution #081004-12, which adopted California's inheritance rules to determine life insurance beneficiaries when a tribal member dies without having designated a beneficiary ("Succession Rules"). Mr. Miranda died without having designated a beneficiary and, therefore, a determination of his beneficiaries must be made in accordance with Resolution #081004-12.

### I.     Identification of Possible Heirs/Beneficiaries

Morongo staff researched the potential living heirs of Mr. Miranda. Based upon its research, Morongo Staff has determined that Mr. Miranda has no surviving parents but has left a surviving spouse, Frances Miranda. In addition, according to Morongo staff, Mr. Miranda is reportedly survived by four biological children—Tony Miranda, Shane Miranda, Shannon Miranda, and another son who goes by the nickname of Dude ("Dude" Miranda). We have been informed that Morongo Staff has been unable to identify any other potential living heirs of Mr. Miranda.

### II.    Application of Succession Rules

The Succession Rules, as provided for in Resolution #081004-12, set forth the priority of potential beneficiaries. First, in accordance with the Succession Rules, we must determine whether a beneficiary has a surviving spouse. In the present case, Morongo Staff has reported that Mr. Miranda did leave a surviving spouse, Frances Miranda. Consequently, in accordance with the Succession Rules, Frances Miranda will receive a share of the death benefit. However, if Mr. Miranda leaves any

MIRANDA/PRINCIPAL
000204

EXHIBIT H                                                              102

Marcia Heredia
Memo Re: Beneficiaries of Antonio Miranda
September 2, 2010
Page 2

**Confidential and Privileged**
**Attorney -Client Communication**
**Attorney Work Product**

surviving children his children will receive a share of the death benefit as well. In this case, Mr. Miranda has four surviving children. Under the Succession Rules, the spouse, Frances Miranda, receives one-third (1/3) of the death benefit because Mr. Miranda has more than one surviving child.[1] Mr. Miranda's surviving children each receive an equal share of the remaining two-thirds (2/3).[2] Thus, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda should each receive one-fourth (¼) of two-thirds (2/3) of the death benefit, which is equivalent to one-sixth (1/6) of the entire death benefit.

### III. Notification to Beneficiaries and Appeals Procedure

Under the procedures previously followed by Morongo, the Program Administrator is charged with making the initial determination of beneficiaries pursuant to the Succession Rules. I have been informed by Sandra Plunk that you are the Program Administrator. Consequently, you should attempt to notify Frances Miranda, Tony Miranda, Shane Miranda, Shannon Miranda, and "Dude" Miranda of the determination of beneficiaries under the Succession Rules. In addition, you have stated that there are no other living heirs or relatives.

I have also been informed that you have had difficulty locating the children of Mr. Miranda. Usually, I would attach a form letter for Mr. Miranda's beneficiaries that would inform any beneficiaries that they may appeal the benefits determination to the Tribal Council within thirty (30) days of receipt of the form letter. However, since you do not know the whereabouts of the beneficiaries, Morongo will need to ascertain their whereabouts before any such letter can be sent. Given the lack of contact between Mr. Miranda and his beneficiaries, it also is possible that one of Mr. Miranda's children could have predeceased Mr. Miranda. If this were the case, then the benefits analysis would need to be done again to identify Mr. Miranda's living beneficiaries along with their appropriate shares.

---

[1] *See* CAL. PROB. CODE §6401 made applicable by Resolution #081004-12
[2] *See* CAL. PROB. CODE §6402 made applicable by Resolution #081004-12
18289

KARSHMER & ASSOCIATES (P.C.)

MIRANDA/PRINCIPAL
000205

EXHIBIT H

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1019 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PRINCIPAL LIFE INSURANCE COMPANY

CASE NUMBER

**ED CV 11 - 01019**

VAP (OPx)

PLAINTIFF(S)

v.

FRANCES C. MIRANDA, SHANNON MIRANDA, TONI PARILLA, SHANE MIRANDA and ANTONIO MIRANDA, III

**SUMMONS**

DEFENDANT(S).

TO:    DEFENDANT(S): Frances C. Miranda, Shannon Miranda
                     Toni Parilla, Shane Miranda and Antonio Miranda, III

A lawsuit has been filed against you.

Within ___26___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, KENNETH M. JONES _____ , whose address is 3699 Wilshire Boulevard, Suite 890, Los Angeles, CA 90010 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: **JUL -.1 2011**

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY | FRANCES C. MIRANDA, SHANNON MIRANDA, TONI PARILLA, SHANE MIRANDA and ANTONIO MIRANDA, III |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kenneth M. Jones, Esq. SBN: 140358<br>GONZALEZ SAGGIO & HARLAN LLP<br>3699 Wilshire Boulevard<br>Suite 890<br>Los Angeles, CA 90010<br>(213) 487-1400 | Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes   ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Interpleader Action 28 U.S.C. §§ 1335 and 2361

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 11 - 01019 VAP (OP)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)         COPY         **CIVIL COVER SHEET**      JUL - 1 2011     Page 1 of 2   CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Iowa |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 26, 2011

KENNETH M. JONES

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 2 of 2

COPY